869 So.2d 904 (2004)
Robert DAHMES and Victoria Dahmes
v.
CHAMPAGNE ELEVATORS, INC., Perfection Gear, a Division of Peerless-Winsmith, Inc., Waupaca Elevators, Inc., Kone, Inc., Audubon Insurance Company, et al.
Nos. 2003-CA-0807, 2003-CA-0983.
Court of Appeal of Louisiana, Fourth Circuit.
March 3, 2004.
*905 Patricia S. LeBlanc, Kelly McCarthy Rabalais, LeBlanc Butler, L.L.C., Metairie, LA, for Plaintiffs/Appellants.
James R. Carter, Porteous, Hainkel & Johnson, L.L.P., New Orleans, LA, for Waupaca Elevator Co., Inc. and First Specialty Ins. Co.
*906 George P. Hebbler, Jr., Pamela B. Gautier, Miranda, Warwick, Milazzo, Giordano & Hebbler, Metairie, LA, for Perfection Gear, Inc., a Subsidiary of Peerless-Winsmith, Inc.
(Court composed of Judge TERRI F. LOVE, Judge EDWIN A. LOMBARD, Judge Pro Tempore MOON LANDRIEU).
EDWIN A. LOMBARD, Judge.
In this consolidated appeal, plaintiffsappellants Robert and Victoria Dahmes and defendant-appellant Waupaca Elevators, Inc. and its insurer, First Speciality Insurance Company, challenge the judgment of the trial court granting the exception to personal jurisdiction filed by defendant-appellee Perfection Gear, A Division of Peerless-Winsmith, Inc. After review of the record and the arguments of the parties in light of the applicable law, we reverse the judgment of the trial court and remand the matter to the trial court for further proceedings.

Pertinent Facts and Procedural History
On March 11, 2001, a residential elevator, installed in the New Orleans home of Robert and Victoria Dahmes in 1988, fell three stories and severely injured Mrs. Dahmes. On January 29, 2002, Mr. And Mrs. Dahmes ("the plaintiffs") filed this personal injury suit in the Civil District Court for the Parish of Orleans, alleging that accident occurred because several components of the elevator, including the gearbox, failed. The plaintiffs named as defendants with their respective insurance companies: (1) Waupaca Elevator Company ("Waupaca"), manufacturer of the elevator; (2) Perfection Gear, A Division of Peerless-Winsmith, Inc. ("Perfection"), the manufacturer of the gearbox; and (3) the local elevator maintenance service company for the plaintiffs' elevator between August 1991 until March 2001, Champagne Elevators, Inc. ("Champagne").
On April 26, 2002, Perfection filed a Declinatory Exception of Lack of Personal Jurisdiction, contending that insufficient contacts existed for personal jurisdiction because Perfection had not purposely directed any action towards the State of Louisiana. In support of its exception, Perfection submitted the affidavit[1] of Carl Pietzsch, an employee of the company since 1994, who declared that Perfection is incorporated in and has its principal place of business in North Carolina, that Perfection gearboxes were custom-made and sold exclusively in limited quantities to Waupaca and were not available to a nationwide market, and that Perfection did not sell the gear-boxes to any entity in Louisiana, manufacture or design the gear-boxes for any Louisiana market, or have knowledge of any Perfection manufactured component parts being in Louisiana.
In their opposition to Perfection's exception, the plaintiffs argued that sufficient contacts existed for jurisdictional purposes because Perfection actively participated in the design of the residential elevator with Waupaca and therefore knew or reasonably could have anticipated that the elevator would be sold throughout the United States. In support of this position, the plaintiffs submitted numerous documents evidencing Perfection's 20-plus year relationship with Waupaca and its active participation in the design of the nationally marketed and sold Waupaca residential elevator.
After a hearing on July 26, 2002, the trial court orally granted Perfections' *907 exception[2] and on August 7, 2002, issued a partial final judgment which stated that the exception was granted "for reasons this day orally assigned"[3] and that the lawsuit against Perfection was dismissed.
The plaintiffs timely-filed a Motion for Reconsideration and New Trial with supporting deposition testimony by Andrew Peterkin, an employee of Applied Industrial Technologies, a distributor for Perfection gearboxes in Louisiana, and Terry Schmoldt, the purchasing agent for Waupaca between 1986 and 1988. Mr. Peterkin stated that in the 2 years preceding his deposition he personally placed 5 orders with Perfection for gearboxes. Mr. Schmoldt stated that elevators manufactured by Waupaca were for nationwide distribution and that Waupaca had never indicated to Perfection that the sales of its elevators were geographically limited.
On January 10, 2003, while the plaintiffs' motion was pending, Waupaca filed a cross-claim and third party demand against Perfection and/or its insurers, alleging that if Waupaca is liable in this matter, then Perfection owes indemnity and/or contribution to Waupaca. On February 10, 2003, trial court denied plaintiffs' motion and the notice of the signing of the judgment was mailed on February 27, 2003.
The plaintiffs and defendant Waupaca are now before this court appealing the trial court judgment. Accordingly, the issue before the court is whether the State may exercise personal jurisdiction over a nonresident corporate defendant who manufactured and supplied a component part of a product that entered Louisiana through the marketing and distribution practices of the end product manufacturer and purportedly injured a Louisiana resident.

Standard of Review
An appellate court shall conduct a de novo review of the legal issue of personal jurisdiction over a nonresident by a Louisiana court. Anderson v. Interamerican Mfg., Inc., 96-1639 (La.App. 4 Cir.4/9/97), 693 So.2d 210, 212.

Applicable Law
The Louisiana long-arm statute provides for the exercise of personal jurisdiction over a nonresident defendant in pertinent part:
A. A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from any one of the of the following activities performed by the nonresident:
(1) Transacting any business in this state ...
B. In addition to the provisions of Subsection A, a court of this state may exercise personal jurisdiction over a nonresident on any basis consistent with the constitution of this state and the Constitution of the United States.
La.Rev.Stat. 13:3201.
The limits of the Louisiana long-arm statute are co-extensive with the limits of constitutional due process, A & L Energy, *908 Inc. v. Pegasus Group, 00-3255, p. 3 (La.6/29/01), 791 So.2d 1266, 1270, and the sole inquiry into jurisdiction over a nonresident is a one-step analysis of the constitutional due process requirements. Id.; Ruckstuhl, 98-1126, p. 5, 731 So.2d at 885, quoting Petroleum Helicopters, Inc. v. Avco Corp., 513 So.2d 1188 (La.1987).
The due process test requires that in order to subject a nonresident defendant to a personal judgment, the defendant must have certain minimum contacts with the forum state, such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); de Reyes v. Marine Mgmt. Consulting, Ltd., 586 So.2d 103, 105 (La.1991). In interpreting the due process clause, the United States Supreme Court has recognized a distinction between two types of personal jurisdiction"general" and "specific." A state exercises general jurisdiction when the defendant's contacts with the state are not related to the lawsuit. Specific jurisdiction, on the other hand, is exercised when the suit arises out of or is related to the defendant's contacts with the forum. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 nn. 8-9, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). The two-part minimum contacts/fairness analysis applies to the assertion of specific as well as general jurisdiction. de Reyes, 586 So.2d at 109.
If a forum seeks to exercise specific jurisdiction over an out-of-state defendant who has not consented to suit there, the requirement of meaningful minimum contacts is satisfied when the defendant has purposefully directed his activities at residents of the forum and the litigation results from alleged injuries arising out of or related to those activities. de Reyes, 586 So.2d at 106. The "minimum contacts" requirement is satisfied by a single act or actions by which the defendant "purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." Ruckstuhl, 731 So.2d at 885, citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985) and Hanson v. Denckla, 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958). The nonresident's "purposeful availment" must be such that the defendant should "reasonably anticipate being haled into court in the forum state." Ruckstuhl, 731 So.2d at 885, citing World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980).

Discussions
The plaintiffs-appellants contend that sufficient contacts exist for jurisdiction because Perfection actively participated in the design of the Waupaca elevator system and manufactured the gearbox for the specialty product which is marketed throughout the United States and, additionally, because Perfection sells and distributes industrial parts through several local retailers in Louisiana. The defendant-appellant, Waupaca, contends that the affidavit submitted in support of the exception was insufficient and that the trial was incorrect in denying the motion for a new trial or reconsideration.
In response, Perfection argues that the trial court correctly determined that insufficient contacts existed for jurisdiction because it has not purposefully availed itself of the laws of Louisiana by manufacturing and selling its products to Waupaca, that it had no knowledge of Waupaca's customer base, that it only sold the gearboxes to Waupaca in limited quantities, and that it did not engage in a nationwide advertising or marketing campaign for these boxes or sell these gear boxes to anyone in Louisiana at any time.
*909 A de novo review of the record evidence reveals that Perfection has sufficient minimum contacts with Louisiana and that traditional notions of fair play and substantial justice are not offended by the state court's exercise of jurisdiction over Perfection. Perfection was integral in the development of the design of Waupaca's residential elevator and subsequently manufactured and supplied a significant component part of the Waupaca residential elevator, the gearbox. The Waupaca residential elevator is a specialty product that has been marketed generally throughout the United States and specifically in the state of Louisiana through several local retailers for a number of years and, accordingly, Perfection specifically availed itself of the benefits of conducting business in Louisiana. Moreover, because it manufactured a significant component part of a nationally marketed residential elevator, Perfection could reasonably anticipate litigation in this forum. Thus, the state court's exercise of jurisdiction over Perfection is proper under both the Louisiana long-arm statute and constitutional due process and the trial court's determination to the contrary was erroneous. Because we have determined that sufficient minimum contacts exist for jurisdictional purposes in this case, we need not directly address Waupaca's argument that the affidavit supporting Perfection's exception was insufficient[4] or that the trial judge erroneously denied the judge plaintiffs' motion for a new trial or reconsideration.

CONCLUSION
For the forgoing reasons, the judgment of the trial court is reversed and Perfection's declinatory exception of lack of personal jurisdiction is denied. The case is remanded to the trial court for further proceedings.
REVERSED AND REMANDED.
NOTES
[1] The affidavit was not attached to the exception, but was submitted eight days after the exception was filed.
[2] At the hearing, counsel for Perfection argued that Perfection merely manufactured a component shipped to a Wisconsin elevator company and that was insufficient under Ruckstuhl v. Owens Corning Fiberglas Corp., 98-1126 (La.4/13/99), 731 So.2d 881, cert denied, Hollingsworth & Vose Co. v. Ruckstuhl, 528 U.S. 1019, 120 S.Ct. 526, 145 L.Ed.2d 407 (1999), to establish jurisdiction in Louisiana. The trial judge granted the exception without oral reasons, stating only "I agree. I'm going to grant the exception. Get me an order."
[3] The record does not indicate a hearing was held on August 7, 2002.
[4] Specifically, Waupaca contends that the affidavit submitted by Perfection was inadequate because the sales manager who executed the affidavit had only been employed by Perfection for eight years and had no personal knowledge of the relationship between Perfection and Waupaca from 1980 until the elevator was shipped to New Orleans in 1988.