921 So.2d 983 (2005)
Allen WALKER, et al.
v.
SUPER 8 MOTELS, INC.
No. 2004-C-2206.
Court of Appeal of Louisiana, Fourth Circuit.
December 7, 2005.
*984 Perry R. Staub, Jr., Peter M. Meisner, Taggart, Morton, Ogden, Staub, Rougelot & O'Brien, L.L.C., New Orleans, LA, for Plaintiff/Respondent.
Dennis J. Phayer, Burglass & Tankersley, L.L.C., Metairie, Louisiana, for Defendant-Relator.
(Court composed of Judge PATRICIA RIVET MURRAY, Judge, DAVID S. GORBATY, Judge LEON A. CANNIZZARO JR.).
PATRICIA RIVET MURRAY, Judge.
This matter is before us on remand from the Louisiana Supreme Court. The sole issue presented is whether the trial court erred in overruling the declinatory exception of lack of personal jurisdiction filed by the defendant, Celebration, L.L.C., a Florida limited liability company. For the reasons that follow, we vacate the trial court's ruling denying Celebration's exception and remand for a re-determination of the personal jurisdiction issue on a complete record.[1]

FACTUAL AND PROCEDURAL BACKGROUND
According to the allegations of the petition, in early April 2004, Allen Walker, from his home in Louisiana, received and reviewed an Internet advertisement for the Super 8 MotelMaingate in Kissimmee, Florida, which is owned by Celebration. Mr. Walker responded to the advertisement by booking accommodations at what he believed to be a Super 8 motel. On April 11, 2004, while a paying guest at Celebration's motel, Mr. Walker suffered a severe electric shock. The injury occurred as Mr. Walker was attempting to switch on a defectively wired lamp in his motel room. Seeking to recover tort damages, Mr. Walker commenced this suit in Civil District Court for the Parish of Orleans naming as defendants Super 8 Motels, Inc. and Celebration, L.L.C.
Celebration responded by filing an exception of lack of personal jurisdiction. In its exception, Celebration asserted that personal jurisdiction is lacking for two reasons. First, Celebration argued that Mr. Walker's cause of action arises out of events that occurred exclusively in Florida *985 and that have no connection with Louisiana. Second, Celebration argued that it is a Florida company and lacked the requisite minimum contacts to support an exercise of personal jurisdiction by the court.
In support of its exception, Celebration produced an affidavit from its fifty-percent owner, George Meshkanian. Mr. Meshkanian attested to the following facts regarding Celebration:
 It is a limited liability company organized under the laws of Florida, registered to do business in Florida, and having its principal place of business in Florida;
 It does not own or operate any motels, hotels, or inns in Louisiana;
 It does not own any moveable or immovable property in Louisiana;
 It is neither authorized nor admitted to do business in Louisiana;
 It has no registered agent in Louisiana;
 It has no employees in Louisiana;
 It has no business offices in Louisiana and transacts no business in Louisiana;
 It engages in no advertising in Louisiana and directs no advertising in other states to Louisiana residents.
Mr. Meshkanian further attested that the Internet website Mr. Walker viewed is not a website that Celebration constructed; it is a website Super 8 constructed and operates. He still further attested that Mr. Walker booked the motel room over the telephone by calling Celebration's motel in Florida.
Mr. Walker responded by filing an opposition memorandum with attachments; the attachments were copies of the website he viewed and the e-mail responses he received. In his opposition, Mr. Walker argued that regardless of whether Celebration operated the Internet website, it consented to its motel being listed on the site and benefited economically from its motel being listed there.
Mr. Walker also filed a supplemental petition in which he averred that Celebration's contacts with the State of Louisiana included the following:
 Defendants (Celebration and Super 8) currently and have in the past advertised their business in the New Orleans area in particular and in Louisiana in general through billboards, press, and media. In addition, Defendants initiated business advertising and solicitation of customers such as Plaintiff by means of Internet websites, which anticipated customers' response to the aforesaid advertising in this State.
 Plaintiff and Defendants have communicated between each other to arrange for hotel accommodations; and Defendants provided Plaintiff with reservation confirmations, modifications of the reservation, and additional materials and information regarding travel in the Orlando area; and Defendants also arranged for the credit card payment. These contacts between the parties represented a series of telephone and Internet communications resulting in the transaction of business by Defendants in part in the State of Louisiana.
 Plaintiff further avers that in the course of his transaction of business with Defendants, they placed Plaintiff on their Internet list of preferred customers whom Defendants intended to contact via Internet on a regular and repeated basis so as to continue to advertise to Plaintiff certain business discounts, hotel coupons, and offers of both Defendants and other businesses (car rental, theme park tickets, restaurants and similar visitor items).
Based on these averments, Mr. Walker contended that Celebration created minimum contacts with the state of Louisiana.
From the trial court's ruling denying Celebration's exception of lack of personal *986 jurisdiction, Celebration filed a writ application. This court denied Celebration's writ application. Walker v. Super 8 Motels, Inc., 2004-2206 (La.App.4 4 Cir. 4/4/05)(unpublished). Celebration then filed a writ application with the Louisiana Supreme Court. The Supreme Court granted Celebration's writ application and remanded to this court for briefing, argument and opinion. Walker v. Super 8 Motels, Inc., XXXX-XXXX (La.6/17/05), 904 So.2d 709. On remand, we entertained additional oral and written argument from both sides. We also obtained and reviewed the trial court record.

DISCUSSION
Appellate courts when reviewing a trial court's legal ruling on a declinatory exception of lack of personal jurisdiction apply a de novo standard. See Dahmes v. Champagne Elevators, Inc., XXXX-XXXX (La.App. 4 Cir. 3/3/04), 869 So.2d 904, writ denied, XXXX-XXXX (La.6/4/04), 876 So.2d 93; Anderson v. Interamerican Mfg., Inc., 96-1639, p. 3 (La.App. 4 Cir. 4/9/97), 693 So.2d 210, 212. The Louisiana long-arm statute provides the circumstances under which a Louisiana court may exercise personal jurisdiction over a nonresident defendant; it provides in pertinent part:
A. A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from any one of the of the following activities performed by the nonresident:
(1) Transacting any business in this state . . .
B. In addition to the provisions of Subsection A, a court of this state may exercise personal jurisdiction over a nonresident on any basis consistent with the constitution of this state and the Constitution of the United States.
La.Rev.Stat. 13:3201.
In 1987, the Louisiana Legislature added R.S. 13:3201(B), making the limits of the Louisiana long-arm statute co-extensive with the limits of constitutional due process. Superior Supply Co. v. Associated Pipe and Supply Co., 515 So.2d 790 (La.1987). The sole inquiry into jurisdiction over a nonresident is thus a one-step analysis of the constitutional due process requirements. Id.
International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945) is the landmark decision regarding corporate amenability to personal jurisdiction because it shifted the jurisdictional basis from a defendant's presence in the forum to an analysis of the relationship between a defendant's contacts with the forum and the plaintiff's claim. The due process standard enunciated in International Shoe has evolved into a two-part test. A & L Energy, Inc. v. Pegasus Group, XXXX-XXXX, p. 5 (La.6/29/01), 791 So.2d 1266, 1271.
The first part of the test requires the plaintiff to prove the defendant's minimum contacts with the forum. Thus, even when, as here, the defendant is the party challenging jurisdiction, the initial burden of proof is on the plaintiff. To meet that burden, the plaintiff must establish that the defendant purposefully availed itself of the privilege of conducting activities within the forum state and thus invoked the benefits and protections of its laws. A & L Energy, XXXX-XXXX at p. 5, 791 So.2d at 1271 (citing United States Supreme Court cases). The defendant's purposeful availment must be such that "the defendant `should reasonably anticipate being haled into court' in the forum state." Id.
"Once the plaintiff meets his burden of proving minimum contacts, the burden *987 shifts to the defendants to prove the assertion of jurisdiction would be so unreasonable in light of `traditional notions of fair play and substantial justice' to overcome the presumption of reasonableness created by the defendant's minimum contacts with the forum." A & L Energy, XXXX-XXXX at p. 11, 791 So.2d at 1274. The second part of the test thus imposes on the defendant the burden of establishing the unfairness of the assertion of jurisdiction.
This case presents a novel issue regarding the sufficiency of Celebration's alleged Internet-related contacts with the state of Louisiana to support the assertion of jurisdiction. Indeed, Celebration frames the novel issue presented as whether the trial court erred in holding that Celebration, a Florida company, was subject to personal jurisdiction in Louisiana on a tort cause of action occurring at its Florida motel given that the single Louisiana contact Mr. Walker identified consists of him logging on to the Internet from his home in Louisiana and viewing an advertisement for the motel posted by Celebration on that website. The lack of any evidence in the record regarding Celebration's Internet-related contact precludes us from reaching the novel issue presented.
Although Mr. Walker refers to the copies of the Celebration website he reviewed and e-mail responses he received, those copies were not introduced into evidence. Rather, Mr. Walker attached those copies as exhibits to his opposition memorandum and to the opposition to Celebration's writ application that he filed in the Louisiana Supreme Court. This court cannot consider exhibits filed into the record as attachments to a memorandum or an opposition to a writ application because such attachments are not evidence and thus are not properly part of the record. See Triss v. Carey, XXXX-XXXX (La.App. 4 Cir. 2/7/01), 781 So.2d 613 (collecting cases). An appellate court cannot consider evidence that is outside the record. La. C.C.P. art. 2164. Given the lack of evidence, we cannot address the issue of Celebration's Internet-related contact.
Similarly, although Mr. Walker alludes to a prior franchise agreement between Super 8 and Celebration as well as to their joint advertising in this state, he offers no evidence to support his allegations.[2] The mere allegation that Super 8 is Celebration's agent is insufficient to support the assertion of personal jurisdiction over Celebration.[3] We thus find no basis in the record to support imputing Super 8's forum contacts to Celebration.
Because we are presented with an incomplete record, we are unable to review the trial court's judgment on the exception of lack of personal jurisdiction. See Triss, supra.[4] For that reason, we vacate the *988 trial court's ruling denying Celebration's declinatory exception of lack of personal jurisdiction and remand for an evidentiary hearing and a re-determination of the exception based on a complete record.
WRIT GRANTED; VACATED AND REMANDED.
NOTES
[1] Although the trial court judgment refers to Super 8 Motels, Inc., the other defendant, the record reflects, as Celebration emphasizes, that only Celebration filed an exception. Super 8 has answered the petition and filed a cross-claim against Celebration. Celebration has responded to that cross claim by filing an exception of lack of personal jurisdiction.
[2] Indeed, the record reflects that Super 8 has denied any prior contractual relationship with Celebration; Super 8 asserts in its cross claim that its contractual relationship was with a prior owner of the motel, not Celebration.
[3] Although Mr. Walker cites no authority for imputing Super 8's forum contacts to Celebration, a commentator has noted that "[w]here the defendant was a franchisee member of a larger association of hotels or resorts, and reservations were made through the franchiser's facilities, some cases have held that the franchisor's contracts can be imputed to the franchisee. Others have not." 1 Robert C. Casad and William M. Richman, Jurisdiction in Civil Actions, § 4-3, n. 360 (3d ed. 1998)(internal citations omitted).
[4] The procedural posture of this case renders it judicially efficient to remand for a re-determination of the jurisdictional issue after an evidentiary hearing. As mentioned, Super 8 has filed a cross claim, and Celebration has responded by filing an exception of lack of personal jurisdiction. The trial court can address that exception on remand. The trial court also can address the new argument Mr. Walker raised for the first time before this court regarding the jurisdictional issue as it pertains to his unfair and deceptive trade practice claims.