36 So.3d 994 (2010)
Ronald A. SWOBODA
v.
HERO DECKS, A Division of Parody Productions, LLC.
No. 2009-CA-1303.
Court of Appeal of Louisiana, Fourth Circuit.
March 31, 2010.
*996 Robert E. Couhig, Jr., Jonathan P. Lemann, Claire E. Easterling, Couhig Partners, LLC, New Orleans, LA, for Plaintiff/Appellant.
David D. Kervin, Jr., Law Office of David D. Kervin, Jr., New Orleans, LA, for Defendant/Appellee.
(Court composed of Judge TERRI F. LOVE, Judge DAVID S. GORBATY, Judge ROLAND L. BELSOME).
ROLAND L. BELSOME, Judge.
This Court is presented with the question of whether an internet merchandiser has established sufficient minimum contacts with Louisiana to be subjected to personal jurisdiction. For the following reasons, we affirm the trial court's finding that personal jurisdiction cannot be extended.
Parody Productions, LLC is a company that publishes novelty playing cards, which are sold over the internet. The product at issue for this appeal is referred to as the "Hero Decks" line which portrays well known players from a sports team's history. One such deck includes fifty-two (52) past and present players from the New York Mets baseball team. The plaintiff in this suit, Ronald Swoboda, is included in the New York Mets Hero Deck.
Mr. Swoboda claims that he has never given Parody permission to use his image. He further contends that through his attorney he sent Parody a cease and desist letter. Parody refused to stop selling cards featuring Mr. Swoboda's name and likeness. In response, Mr. Swoboda filed the instant lawsuit to enjoin Parody from the continued use of his name and likeness and for damages for violating his right to publicity, and, alternatively, damages for unjust enrichment. Subsequently, Parody filed exceptions of lack of personal jurisdiction, prescription, no cause of action *997 and improper venue. The trial court sustained the exception of lack of personal jurisdiction and this appeal followed.
This Court reviews the trial court's dismissal of a claim for lack of personal jurisdiction de novo. See Walker v. Super 8 Motels, Inc., 2004-2206, p. 4 (La. 4 Cir. 12/7/05), 921 So.2d 983, 986. The party that seeks to invoke personal jurisdiction bears the burden of establishing such jurisdiction exists. This burden is satisfied upon a prima facie showing that jurisdiction is appropriate. de Reyes v. Marine Management and Consulting, Ltd., 586 So.2d 103, 107 (La.1991).
Our authority to exercise jurisdiction over a non-resident defendant is granted under the Louisiana Long-arm Statute, LSA-R.S. 13:3201.[1] This authority is limited by the due process requirements of the Fourteenth Amendment. U.S.C.A. Const. Amend. 14; LSA-R.S. 13:3201. The due process test was first established by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 157, 90 L.Ed. 95 (1945). There are two prongs of the due process test that must be satisfied before personal jurisdiction can be exercised. Id. First, the nonresident defendant must have "minimum contacts" with the forum state; and secondly, the exercise of personal jurisdiction in the forum state must not violate the basic notions of "fair play and substantial justice." When applying the test the quality and nature of the activity must be considered. See id.
There are two distinct types of jurisdiction that a state may exercise over a non-resident defendant, "general" and "specific". General jurisdiction applies when the defendant's contacts with the state are unrelated to the lawsuit. General jurisdiction has not been asserted in the instant case. Specific jurisdiction is exercised when the cause of action is related to or arises out of the defendant's contact with the state. Mr. Swoboda seeks to assert specific jurisdiction over Parody. More specifically, Mr. Swoboda argues that because Parody maintains an interactive *998 website that has allowed Louisiana residents to purchase the cards, specific jurisdiction is warranted.
In order for a plaintiff to satisfy its burden of proving minimum contacts with the forum state, there must be a showing that the defendant purposefully availed itself of the laws and protections of the forum state. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475, 105 S.Ct. 2174, 2183, 85 L.Ed.2d 528 (1985). Once the plaintiff demonstrates that minimum contacts with the forum state exists, "`a presumption of reasonableness of jurisdiction arises' and `the burden then shifts to the opposing party to prove the assertion of jurisdiction would be so unreasonable in light of traditional notions of fair play and substantial justice as to overcome the presumption of reasonableness created by the defendant's minimum contacts with the forum.'" Ruckstuhl v. Owens Corning Fiberglas Corp., 98-1126, p. 6 (La.4/13/99), 731 So.2d 881, 886 (citing de Reyes v. Marine Management and Consulting, Ltd., 586 So.2d 103, 107 (La.1991)).
In general, questions of personal jurisdiction are factual determinations that must be weighed on a case by case basis. There are no clear-cut rules or a set jurisdictional formula that can be applied in determining whether personal jurisdiction conforms with the notion of "fair play and substantial justice." See Burger King v. Rudzewicz, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). To the contrary, "... any inquiry into fair play and substantial justice' necessarily requires determinations in which few answers will be written in black and white. The greys are dominant and even among them the shades are innumerable.'" Id. at n. 29, 105 S.Ct. 2174 (citing Kulko v. California Superior Court, 436 U.S. 84, 98 S.Ct. 1690, 56 L.Ed.2d 132 (1978)). As relevant as that statement was at the time it was written, the world wide use of the internet has expanded the grey areas of personal jurisdiction.
The Zippo court employed a sliding scale approach to determine whether a website has minimum contacts with a forum state sufficient to invoke personal jurisdiction. Zippo Mfg. Co. v. Zippo Dot Com, Inc., 952 F.Supp. 1119 at 1125. The sliding scale categorizes the websites activities as passive or interactive. Id. Passive websites disseminate information and do not provide the minimum contacts that warrant the exercise of personal jurisdiction. Id. (citing Bensusan Restaurant Corp. v. King, 937 F.Supp. 295 (S.S.N.Y. 1996)). On the other side of the scale is the interactive website where business is clearly done through the website. Those websites typically have repeated contacts and transmissions and may also allow participants to enter into contracts. Under those circumstances personal jurisdiction is warranted. Zippo, 952 F.Supp. 1119 at 1125. However, when a website falls somewhere in the midrange of the scale and information is exchanged between the host and user, but not on an ongoing basis, the court must look to the extent of the interactivity and commercial nature of the exchange of information to determine whether personal jurisdiction should be exercised. Id. (citing Maritz, Inc. v. Cybergold, Inc., 947 F.Supp. 1328 (E.D.Mo. 1996)).
For instance, in Quality Design & Constr. v. Tuff Coat Mfg., Inc., 05-1712 (La.App. 1st Cir.7/12/06), 939 So.2d 429 and later in Crummey v. Morgan, 07-0087 (La.App. 1st Cir.8/807), 965 So.2d 497, the Louisiana First Circuit Court of Appeal utilized the Zippo sliding scale approach as a guide for determining personal jurisdiction. In both cases the cause of action arose from an allegedly defective product purchased by a Louisiana citizen.
*999 Tuff Coat manufactured a polyurethane coating for cement. Tuff Coat, 939 So.2d at 427. Tuff Coat's product, Ultra Tuff, was used in a Louisiana water park. Id. The pigment from the Ultra Tuff leaked and damaged the water purification system. Id. The construction company filed suit against Tuff Coat and Tuff Coat excepted on the grounds of personal jurisdiction. Id. Tuff Coat operated a website that provided a telephone number for ordering the products and a list of other Louisiana businesses that had used the products. Id. Tuff Coat argued that their website was purely informational and thus, passive. Id. The First Circuit, using the Zippo sliding scale, found that Tuff Coat's website was passive and even though Tuff Coat's products had been purchased by at least five Louisiana businesses, there was no purposeful availment "of Louisiana's law such that it could expect to be haled into a Louisiana court." Id., p. 9, at 435.
The Crummey court was presented with a defendant that used a third-party website to advertise and sell a recreational vehicle. Crummey, 965 So.2d 497. The defendants and the vehicle were located in Texas. Id. The record indicated that Crummey found the vehicle online, had communicated with the seller over the telephone, and used telephone contact to place a deposit on the vehicle with a credit card. Id. The defendants offered to deliver the vehicle to Louisiana, but Mr. Crummey chose to travel to Texas to pick it up. Id. The transfer of ownership took place in Texas and Mr. Crummey took possession of the vehicle and began his drive back to Louisiana. Id. Prior to crossing the Texas/Louisiana border, the vehicle stopped running. Id. The defendants refused to submit a full refund for the vehicle and Mr. Crummey filed suit in Louisiana. Id. The defendants filed an exception of lack of personal jurisdiction. Id.
Using the Zippo sliding scale and distinguishing the Tuff Coat decision, the First Circuit found that there were appropriate minimum contacts to exercise personal jurisdiction. Id. The Crummey court found that the repeated contact the defendants had with Louisiana beginning with the advertising of the vehicle over the internet, then the negotiations and the tender of money over the telephone supported its finding that the defendants had purposefully availed themselves to the laws and protections of Louisiana. Id. The court also noted that the defendants had delivered two other vehicles to buyers in Louisiana. In dicta the court raised its concern for online buyers who would have no recourse in their home state against sellers who misrepresent products and/or sell defective products. Id. p. 12, at 504.
Although the Zippo sliding scale is a useful guide when examining the extent to which websites are present in a forum state, it does not eliminate the necessity of this Court to independently review the relationship among the forum, the defendant, and the litigation when determining personal jurisdiction. See A & L Energy, Inc. v. Pegasus Group, 00-3255 (La.6/29/01), 791 So.2d 1266. As an internet merchandiser, Parody sells playing cards on an interactive website that would fall midrange on the Zippo sliding scale. The record indicates that the playing cards can be purchased directly from the site. Other than the ability of Louisiana residents to access the website and purchase the merchandise, the record is void of any other contact Parody had with Louisiana. Once Parody refused to stop using Mr. Swoboda's likeness, his attorney purchased a deck of the Mets playing cards over the internet shortly before filing suit against Parody.
The pivotal question in this case is whether the plaintiff's counsel's purchase *1000 from this website or the mere ability of Louisiana citizens to access the merchandise from the website constitutes Parody purposefully availing itself of the benefits and laws of Louisiana for this cause of action. The United States Supreme Court has maintained that "the mere unilateral activity of those who claim some relationship with the nonresident defendant cannot satisfy the requirement of contact with the forum state." World Volkswagen, Corp. v. Woodson, 444 U.S. 286, 298, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980) (quoting Hanson v. Denckla, 357 U.S. 235, 253, 78 S. St. 1228, 1239-40). Further, although the cause of action complained of in the plaintiff's petition stems from Parody's manufacturing and selling of the playing cards, Mr. Swoboda's cause of action as plead in his petition arose prior to his attorney's purchase of the Mets cards in Louisiana. Thus, we find that the connexity between Parody's contact with Louisiana and Mr. Swoboda's cause of action are too attenuated to constitutionally exercise personal jurisdiction over Parody. Accordingly, under the facts and circumstances of this case, extending personal jurisdiction over Parody would not comport with the notions of fair play and substantial justice. Therefore, we affirm the trial court's ruling.
AFFIRMED.
GORBATY, J., dissents with reasons.
GORBATY, J., dissents, with reasons.
As stated in the majority opinion, the United States Supreme Court first enunciated the due process test in 1945. See International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Since that time, technology has advanced to such a degree that it is possible for sellers to reach consumers in their homes worldwide. The onset of the internet has created a lapse between the method of doing business in 1945 and the legal system's ability to keep up with technology.
In affirming a district court judgment granting an exception of lack of personal jurisdiction, the First Circuit explained, "[m]inimum contacts are established when the nonresident defendant `purposefully avails itself of the privilege of conducting activities within the forum [s]tate.'" Quality Design and Construction, Inc., v. Tuff Coat Mfg., Inc., 05-1712, p. 4 (La.App. 1 Cir. 7/12/06), 939 So.2d 429, 432, citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 273, n. 15, 105 S.Ct. 2174, 2182, n. 15 (1985). The "purposeful availment" requirement for the exercise of personal jurisdiction over a nonresident defendant ensures that it will not be haled into a jurisdiction solely as a result of a random, fortuitous, or attenuated contact, or by the unilateral activity of another party or a third person. Burger King Corp., 471 U.S. at 475, 105 S.Ct. at 2183; deReyes v. Marine Management and Consulting, Ltd., 586 So.2d 103, 106 (La.1991).
As in this case, the defendant in Quality Design attested that it was not registered or licensed to do business in Louisiana, nor did it maintain an office, bank account, telephone number, or post office box in Louisiana. Defendant Tuff Coat did maintain an informational website. A consumer could not, however, purchase Tuff Coat products on that website; rather, the consumer had to make contact by telephone or by mail to purchase Tuff Coat's products.
The First Circuit ultimately decided to employ a "sliding scale" measure to determine if an internet site's connection to a forum state warrants the exercise of personal jurisdiction. This test, first enunciated in Zippo Mfg. Co. v. Zippo Dot Com, Inc., 952 F.Supp. 1119 (W.D.Pa.1997), has at one end of the spectrum situations where defendants clearly do business over *1001 the internet, such as when orders for merchandise can be filled using the website, and the merchandise is shipped into the forum state. At the other end, there are defendants whose contacts with the forum state are passive, for example, informational websites only. In the middle are situations where a defendant has a website that allows a user to exchange information with a host computer. In the "middle," jurisdiction would be determined by examining "the level of interactivity and commercial nature of the exchange of information that occurs on the Web site." Zippo, 952 F.Supp. at 1124.
In Quality Design, the court ruled that Tuff Coat's website was a passive one, whereby information about its product was provided, but actual sales were arranged via telephone or mail. The court found personal jurisdiction was lacking.
However, in Crummey v. Morgan, 07-0087 (La.App. 1 Cir. 8/8/07), 965 So.2d 497, the First Circuit found that the sale of an RV motor home via eBay satisfied the due process requirements for personal jurisdiction. In that case, a seller in Texas sold a home to a Louisiana buyer. The buyer purchased the RV on the internet with a credit card. Id. at p. 10, 965 So.2d at 503. The Court reasoned that "the defendants did business with Crummey over the Internet. Thus, the use of the eBay website to market and sell the RV to a Louisiana buyer is, on the Zippo sliding scale, more akin to those situations for which a finding of personal jurisdiction is proper." (emphasis added.), Id., also see Williams v. Frank Parra Auto Plex, Inc., 05-0737, pp. 6-7 (La.App. 3 Cir. 3/22/06), 929 So.2d 755, 760-61.
Using the Zippo sliding scale, I find that Hero Decks employed an active website that allowed persons to purchase and pay for merchandise which was subsequently shipped into Louisiana using the United States Postal Service. For these reasons, I would reverse the ruling of the trial court, and find that the actions of Hero Decks created sufficient minimum contacts for the exercise of personal jurisdiction. I respectfully dissent.
NOTES
[1] § 3201. Personal jurisdiction over nonresidents

A. A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from any one of the following activities performed by the nonresident:
(1) Transacting any business in this state.
(2) Contracting to supply services or things in this state.
(3) Causing injury or damage by an offense or quasi offense committed through an act or omission in this state.
(4) Causing injury or damage in this state by an offense or quasi offense committed through an act or omission outside of this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives revenue from goods used or consumed or services rendered in this state.
(5) Having an interest in, using or possessing a real right on immovable property in this state.
(6) Non-support of a child, parent, or spouse or a former spouse domiciled in this state to whom an obligation of support is owed and with whom the nonresident formerly resided in this state.
(7) Parentage and support of a child who was conceived by the nonresident while he resided in or was in this state.
(8) Manufacturing of a product or component thereof which caused damage or injury in this state, if at the time of placing the product into the stream of commerce, the manufacturer could have foreseen, realized, expected, or anticipated that the product may eventually be found in this state by reason of its nature and the manufacturer's marketing practices.
B. In addition to the provisions of Subsection A, a court of this state may exercise personal jurisdiction over a nonresident on any basis consistent with the constitution of this state and of the Constitution of the United States.