| | | |
|---|---|---|
| **NATHANIEL JONES** | * | **NO. 2021-CA-0474** |
| **VERSUS** | * | |
| | | **COURT OF APPEAL** |
| **ST. AUGUSTINE HIGH** | * | |
| **SCHOOL, INC., KENNETH ST.** | | **FOURTH CIRCUIT** |
| **CHARLES, AMERICAN** | * | |
| **BROADCASTING COMPANY** | | **STATE OF LOUISIANA** |
| **D/B/A ABC NEWS, ROLAND** | * * * * * * * | |
| **SEBASTIAN MARTIN,** | | |
| **ROLAND MARTIN** | | |
| **UNLIMITED AND** | | |
| **INTERACTIVE ONE, LLC.** | | |

<u>**CONSOLIDATED WITH:**</u>        <u>**CONSOLIDATED WITH:**</u>

**NATHANIEL JONES**        **NO. 2021-CA-0475**

**VERSUS**

**ST. AUGUSTINE HIGH SCHOOL,
INC., KENNETH ST. CHARLES,
AMERICAN BROADCASTING
COMPANY D/B/A ABC NEWS,
ROLAND SEBASTIAN MARTIN,
ROLAND MARTIN UNLIMITED
AND INTERACTIVE ONE, LLC.**

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2020-07663, DIVISION "M"
Honorable Paulette R. Irons, Judge
* * * * * *
**Judge Tiffany Gautier Chase**
* * * * * *
(Court composed of Judge Daniel L. Dysart, Judge Tiffany Gautier Chase, Judge
Pro Tempore Lynn M. Luker)

Willie M. Zanders, Sr.
ATTORNEY AT LAW
221 Briarhaven Drive
Baton Rouge, LA 70810

      COUNSEL FOR PLAINTIFF/APPELLANT

Mary Ellen Roy
Dan Zimmerman
PHELPS DUNBAR LLP
365 Canal Street, 20th Floor
New Orleans, LA 70130

Nathan Siegel, *pro hoc vice*
DAVIS WRIGHT TREMAINE
1301 K Street, NW, Suite 500 East
Washington, DC 20005

Daniel Thomas Plunkett
MCGLINCHEY STAFFORD, PLLC
601 Poydras Street, 12th Floor
New Orleans, LA 70130

      COUNSEL FOR DEFENDANTS/APPELLEES

**AFFIRMED IN PART;**
**REVERSED IN PART;**
**REMANDED**
**FEBRUARY 16, 2022**

Nathaniel Jones (hereinafter "Mr. Jones") seeks review of the trial court's May 5, 2021 judgment sustaining exceptions of lack of jurisdiction and no cause of action filed by Interactive One LLC (hereinafter "Interactive One"). Mr. Jones also seeks review of the trial court's May 11, 2021 judgment granting a special motion to strike and exception of no cause of action filed by American Broadcasting Companies, Inc. (hereinafter "ABC News"). After consideration of the record before this Court, and the applicable law, we affirm the trial court's May 5, 2021 judgment granting Interactive One's exception of lack of jurisdiction, reverse the trial court's May 11, 2021 judgment granting ABC News' special motion to strike and exception of no cause of action, and remand the matter for further proceedings.

## Facts and Procedural History

Mr. Jones was employed by St. Augustine High School as a teacher and head football coach. On October 4, 2019, a video was uploaded to social media displaying football players and an assistant coach in the locker room, engaging in a "pre-game chant" using a racial slur. Mr. Jones was not in the locker room during the chant. Thereafter, St. Augustine High School terminated Mr. Jones. On October 9, 2019, Interactive One published an online article entitled "Black Football Coach Fired For His Team Using [the n-word] At Historically Black

1

School." Also, on the same date, ABC News published a separate online article entitled "High school football coach fired after using racial slur in pre-game chant."

On September 22, 2020, Mr. Jones filed a petition for damages for breach of employment contract and defamation of character. He named as defendants Interactive One, ABC News, St. Augustine High School, Inc., Kenneth St. Charles, Roland Martin Unfiltered Productions, and Roland Sebastian Martin. In response to plaintiff's petition, Interactive One filed a declinatory exception of lack of jurisdiction and a peremptory exception of no cause of action. ABC News likewise filed responsive pleadings, which included a special motion to strike and peremptory exception of no cause of action. The exceptions and special motion to strike were heard by the trial court on April 8, 2021. The trial court granted Interactive One's exceptions of lack of jurisdiction and no cause of action by judgment dated May 5, 2021. Several days later, the trial court issued a judgment, on May 11, 2021, granting ABC News' special motion to strike and sustaining its exception of no cause of action. This appeal followed.

### Discussion

In this consolidated appeal[1], Mr. Jones raises eight assignments of error which can be summarized into the following three categories: (1) Interactive One's exception of lack of personal jurisdiction; (2) ABC News' special motion to strike and exception of no cause of action; and (3) dismissal of remaining claims. We will discuss each in turn.

### Applicable Standard of Review

This Court conducts a *de novo* analysis of a trial court's finding regarding personal jurisdiction. *Loeb v. Vergara*, 2020-0261, p. 78 (La.App. 4 Cir. 1/27/21),

---

[1] On January 6, 2022, this Court, *sua sponte*, issued an order consolidating the separate appeals Mr. Jones filed regarding the May 5, 2021 and May 11, 2021 judgments.

2

313 So.3d 346, 392, *writ denied*, 2021-00314 (La. 4/20/21), 313 So.3d 1257. We likewise apply the *de novo* standard of review to a special motion to strike and a trial court's judgment maintaining an exception of no cause of action. *Melius v. Keiffer*, 2007-0189, p. 2 (La.App. 4 Cir. 3/12/08), 980 So.2d 167, 170; *St. Pierre v. Northrop Grumman Shipbuilding, Inc.*, 2012-0545, p. 7 (La.App. 4 Cir. 10/24/12), 102 So.3d 1003, 1009.

### Interactive One's Exception of Lack of Personal Jurisdiction

Mr. Jones asserts that the trial court erred in granting Interactive One's exception of lack of personal jurisdiction. He maintains that millions of people in the United States read Interactive One's online article, including people in Louisiana, and that he suffered irreparable harm because of the publishing of the online article. According to Mr. Jones, these actions establish sufficient contacts with the state to invoke the personal jurisdiction of Louisiana courts. Conversely, Interactive One contends that it has insufficient minimum contacts with Louisiana to establish the state's exercise of personal jurisdiction.

Personal jurisdiction over non-residents is set forth in La. R.S. 13: 3201, which provides, in pertinent part:

> A. A court may exercise personal jurisdiction over a non[-]resident, who acts directly or by an agent, as to a cause of action arising from any one of the following activities performed by the non[-]resident:
>
> > (1) Transacting any business in this state.
> > (2) Contracting to supply services or things in this state.
> > (3) Causing injury or damage by an offense or quasi offense committed through an act or omission in this state.
> > (4) Causing injury or damage in this state by an offense or quasi offense committed through an act or omission outside of this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives revenue from goods used or consumed or services rendered in this state.
>
> ***
>
> B. In addition to the provisions of Subsection A, a court of this state may exercise personal jurisdiction over a non[-]resident on any basis

3

consistent with the constitution of this state and of the Constitution of the United States.

Louisiana's authority to exercise personal jurisdiction over non-residents is limited by the due process requirements of the Fourteenth Amendment to the United States Constitution. *See* U.S. Const. Amend. 14 and La. R.S. 13:3201. "There are two prongs of the due process test that must be satisfied before personal jurisdiction can be exercised. First, the non[-]resident defendant must have 'minimum contacts' with the forum state; and second, the exercise of personal jurisdiction in the forum state must not violate the basic notions of 'fair play and substantial justice.' When applying the test the quality and nature of the activity must be considered." *BioClin, BV v. MultiGyn USA, LLC*, 2012-0962, pp. 4-5 (La.App. 4 Cir. 11/5/13), 129 So.3d 633, 637 (internal citations omitted). The two-prong "minimum contacts" and "fair play" analysis is applicable to both general and specific jurisdiction. *Dahmes v. Champagne Elevators, Inc.*, 2003-0807, p. 5 (La.App. 4 Cir. 3/3/04), 869 So.2d 904, 908.

In determining "minimum contacts," personal jurisdiction is divided into two categories: general and specific. *Ohle v. Uhalt*, 2016-0569, p. 6 (La.App. 4 Cir. 2/1/17); 213 So.3d 1, 6. "General jurisdiction applies when the defendant's contacts with the state are unrelated to the lawsuit." *Swoboda v. Hero Decks*, 2009-1303, p. 3 (La.App. 4 Cir. 3/31/10), 36 So.3d 994, 997. "General jurisdiction arises only when the defendant has engaged in 'continuous and systematic general business contacts' with the forum state." *Babcock & Wilcox v. Babcock Mexico*, 597 So.2d 110, 112 (La.App. 4 Cir.1992). Conversely, "[s]pecific jurisdiction is exercised when the cause of action is related to or arises out of the defendant's contact with the state." *Id*. "Where a forum seeks to assert specific jurisdiction over an out-of-state defendant who has not consented to suit there, the requirement of meaningful contacts is satisfied if the defendant has purposefully directed his

4

activities at residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities." *de Reyes v. Marine Mgmt. & Consulting, Ltd.*, 586 So.2d 103, 106 (La.1991) (internal citations omitted).

Interactive One maintains that it did not have continuous and systematic contact with the state of Louisiana sufficient to establish general jurisdiction. It further argues that specific jurisdiction cannot be asserted because Interactive One's online article was not purposefully directed to Louisiana residents. Thus, we must determine whether the online article published by Interactive One created sufficient minimum contacts to establish either general or specific personal jurisdiction.

Louisiana courts have consistently relied on *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F.Supp. 1119, 1124 (W.D.Pa.1997) for guidance on an internet site's connection to a forum state. In *BioClin, BV v. MultiGyn USA, LLC*, we explained:

> In *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F.Supp. 1119, 1124 (W.D.Pa.1997), the court employed a "sliding scale" approach to determine whether a website has minimum contacts with a forum state sufficient to invoke personal jurisdiction. The sliding scale categorizes the websites activities as passive or interactive. *Id*. A passive website that does little more than make information available to those who are interested in it does not provide the minimum contacts that warrant the exercise of personal jurisdiction. *Id*. (citing *Bensusan Restaurant Corp. v. King*, 937 F.Supp. 295 (S.D.N.Y.1996)). On the other end of the spectrum is the interactive website where business is clearly done through the website. Those websites typically have repeated contacts and transmissions and may also allow participants to enter into contracts. Under those circumstances personal jurisdiction is proper. *Zippo*, 952 F.Supp. at 1124. However, when a website falls somewhere in the midrange of the scale and information is exchanged between the host and user, but not on an ongoing basis, the court must look to the extent of the interactivity and commercial nature of the exchange of information to determine whether personal jurisdiction should be exercised. *Id*. (citing *Maritz, Inc. v. Cybergold, Inc.*, 947 F.Supp. 1328 (E.D.Mo.1996)).

*BioClin, BV*, 2012-0962, p. 7, 129 So.3d at 638.

Questions of personal jurisdiction must be weighed on a case-by-case basis as they involve factual determinations. *Swoboda*, 2009-1303, p. 4, 36 So.3d at 998. In the case *sub judice*, Interactive One's website is a "passive" website as it "does little more than make information available to those who are interested." *BioClin, BV*, 2012-0962, p. 7, 129 So.3d at 638 (quoting *Zippo*, 952 F.Supp. at 1119). The trial court found that Interactive One lacked sufficient contact with Louisiana to establish personal jurisdiction. We agree. "In order for a plaintiff to satisfy its burden of proving minimum contacts with the forum state, there must be a showing that the defendant purposefully availed itself of the laws and protections of the forum state." *BioClin, BV*, 2012-0962, p. 5, 129 So.3d at 637. In support of its exception of personal jurisdiction, Interactive One attached an affidavit of its Vice President, Karen Wishart. Her affidavit provided, in pertinent part:

- Interactive One operates under Delaware law;

- Has its principal place of business in New York, New York;

- Is not a Louisiana corporation;

- Interactive One's subsidiaries do not specifically target Louisiana readers[2];

- The author of the online article at issue had no contact with Louisiana; and

- The online article only received 187 page views from Louisiana readers.

Interactive One maintains that the affidavit supports its position that it did not purposefully avail itself of the laws and protections of Louisiana by uploading the online article to its website. We agree with this proposition. *See Id.*, 2012-0962, p. 11, 129 So.3d at 640 (for the proposition that mere creation of a website does not constitute purposeful availment of forum benefits); *see also Id.*, 2012-0962, p. 9, 129 So.3d at 639. The sole act of making information available online is insufficient to establish minimum contacts with the forum state and warrant the

---

[2] Interactive One is a wholly owned subsidiary of Radio One, which controls News One, the website that published the article at issue.

exercise of personal jurisdiction. *See Id.*, 2012-0962, pp. 11-12, 129 So.3d at 641-42. The record is void of any other contact Interactive One had with Louisiana residents and thus, fails to establish personal jurisdiction. Mr. Jones has failed to satisfy his burden of proof that Interactive One had sufficient minimum contacts to establish either general or specific personal jurisdiction of Louisiana courts. Accordingly, we find the trial court did not err in granting Interactive One's exception of lack of personal jurisdiction. Interactive One has not availed itself of the jurisdiction of Louisiana courts and exercising personal jurisdiction over it would not comport with the notions of fair play and substantial justice. Having determined that Louisiana lacks personal jurisdiction over Interactive One, we pretermit discussion of the trial court's ruling on Interactive One's exception of no cause of action.

### *ABC News' Special Motion to Strike and Exception of No Cause of Action*

Mr. Jones argues that the trial court erred in sustaining ABC News' special motion to strike because his termination for allegedly using a racial slur during a pre-game chant was not connected to a public issue. Conversely, ABC News maintains that Mr. Jones' termination was a public issue because it involved the use of a racial slur by a publicized[3] high school football coach. ABC News also filed an exception of no cause of action in connection with its special motion to strike. The exception of no cause of action is premised on the burden of proof on the special motion to strike shifting to Mr. Jones, pursuant to La. C.C.P. art. 971. Specifically, that Mr. Jones would be unable to succeed on the merits of a defamation claim. Thus, ABC News submits that Mr. Jones' petition for damages fails to state a cause of action for defamation.

---

[3] ABC News asserts that the hiring of Mr. Jones was highly publicized due to St. Augustine High School being a nationally recognized institution, with its football players attending schools in the Southeastern Conference and ultimately becoming players in the National Football League.

7

La. C.C.P. art. 971 was enacted "to screen out meritless claims pursued to chill one's constitutional rights under the First Amendment of the United States Constitution to freedom of speech and press." *Lee v. Pennington*, 2002-0381, p. 4 (La.App. 4 Cir. 10/16/02), 830 So.2d 1037, 1041. The initial burden of proof on a special motion to strike rests with the mover to establish that "the cause of action arises from an act in the exercise of his right of free speech regarding a public issue." *Melius*, 2007-0189, p. 3, 980 So.2d at 171 (quoting *Aymond v. Dupree*, 2005-1248, p. 7 (La.App. 3 Cir. 4/12/06), 928 So.2d 721, 727). Once the mover satisfies his burden of proof, the burden shifts to the party opposing the motion to demonstrate a probability of success on the claims. *Id.*

La. C.C.P. art. 971 governs special motions to strike and provides, in pertinent part:

> A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or Louisiana Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established a probability of success on the claim.

La. C.C.P. art. 971(A)(1). As such, the mover must make "a prima facie showing that his comments were constitutionally protected and in connection with a public issue." *Wainwright v. Tyler*, 52,083, p. 17 (La.App. 2 Cir. 6/27/18); 253 So.3d 203, 217. Our task is to determine whether Mr. Jones' termination was a public issue, such that ABC News' article constitutes free speech regarding a public issue.

In addressing "what constitutes a 'public issue' within the context of [La. C.C.P. art. 971], the Louisiana Supreme Court turned to jurisprudence of the United States Supreme Court, which described speech on matters of public concern as speech 'relating to any matter of political, social, or other concern to the community.'" *Alost v. Lawler*, 2020-0832, p. 10 (La.App. 1 Cir. 6/2/21), 326 So.3d 1255, 1263, *reh'g denied* (July 1, 2021), *writ denied*, 2021-00941 (La. 10/19/21),

8

326 So.3d 256; *see Connick v. Myers*, 461 U.S. 138, 146, 103 S.Ct. 1684, 1690, 75 L.Ed.2d 708 (1983)). In determining whether speech is a matter of public concern, courts should consider the content, form and context of the statement. *Connick*, 461 U.S. at 147-48, 103 S.Ct. at 1690.

"Public issue" is defined, pursuant to La. C.C.P art. 971, as follows:

(1) "Act in furtherance of a person's right of petition or free speech under the United States or Louisiana Constitution in connection with a public issue" includes but is not limited to:
(a) Any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law.
(b) Any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official body authorized by law.
(c) Any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest.
(d) Any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest.

La. C.C.P art. 971(F)(1). We interpret La. C.C.P art. 971 as requiring a two-part, burden-shifting analysis. *Shelton v. Pavon*, 2017-0482, p. 5 (La. 10/18/17), 236 So.3d 1233, 1237. "In cases where right of petition and free speech activities form the basis of the claims, the mover must first establish that the cause of action against him arises from an act by him in the exercise of his right of petition or free speech under the United States or Louisiana Constitution in connection with a public issue." *Id.*, 2017-0482, pp. 5-6, 236 So.3d at 1237 (internal citations omitted). If the mover is successful, the burden shifts to the plaintiff to establish a probability of success on the claim. *Id.* "[W]here more than one claim is alleged in the petition, the courts examine the probability of success of each claim individually." *Id.*

Mr. Jones asserts that ABC News failed to demonstrate that the comments written in the article, that Mr. Jones was terminated for using a racial slur during a

pre-game chant, were in connection to a public issue. He maintains that a private school's termination of its football coach is not a public issue. However, ABC News suggests that the matter is a public issue because speech relating to use of a racial slur is inherently a public issue. We must consider the content, form and context of the statement, based on the record, in determining whether the purported speech involves a public issue.

The article published by ABC News indicates that St. Augustine High School terminated Mr. Jones because of the publicized video. The article stated that based on previous videos uploaded to the internet, the pre-game chant was a tradition during Mr. Jones' tenure. The article seems to suggest that Mr. Jones was terminated as a result of using a racial slur. Mr. Jones' termination does not involve any of the enumerated categories of La. C.C.P art. 971, which define "public issue." His termination did not encompass (1) any written or oral statement made before an official body authorized by law; (2) any written or oral statement in connection with an issue under consideration by an official body authorized by law; (3) any written or oral statement made in a place open to the public or in a public forum; and it was not (4) conduct in furtherance of the exercise of a constitutional right. We find that Mr. Jones' termination is not a public issue and is thus not subject to a special motion to strike under La. C.C.P. art. 971. ABC News has failed to meet its initial burden of proof in establishing that the matter involved a public issue and therefore, the trial court erred in granting the special motion to strike.

ABC News' exception of no cause of action hinged upon satisfaction of its initial burden of proof on the special motion to strike. As it failed to meet its burden of proof, the burden of proving probability of success regarding his defamation claim does not shift to Mr. Jones. Therefore, we find the trial court erred in granting ABC News' exception of no cause of action and pretermit the

issue of whether Mr. Jones' petition for damages states a cause of action under the legal theory of defamation.

### *Dismissal of Remaining Claims*

Finally, Mr. Jones argues the trial court erred in dismissing his claims of violation of a protected liberty and property interest, and "false light" invasion of privacy against Interactive One and ABC News. Having determined that Louisiana lacks personal jurisdiction over Interactive One and thus affirming the trial court's May 5, 2021 judgment, we pretermit discussion of the dismissal of Mr. Jones' remaining claims against Interactive One. Further, we pretermit discussion of this issue as to ABC News because we find the trial court erred in granting ABC News' special motion to strike and exception of no cause of action.

### Decree

Based on the foregoing, we affirm the trial court's May 5, 2021 judgment granting Interactive One's exception of lack of jurisdiction, reverse the trial court's May 11, 2021 judgment granting ABC News' special motion to strike and exception of no cause of action, and remand the matter for further proceedings.

**AFFIRMED IN PART;**
**REVERSED IN PART;**
**REMANDED**