EDWIN A. LOMBARD, Judge.
bThe plaintiffs, Michelle Zornes Malaso-vich and her husband, Val Charles Malaso-vich, Jr., appeal the judgment of the trial court granting the defendant’s Exception of Lack of Personal Jurisdiction with prejudice. We amend the trial court judgment to dismiss the plaintiffs’ lawsuit without prejudice and, as amended, affirm.

Relevant Facts and Procedural History

On February 6, 2009, Mrs. Malasovich, a resident of Louisiana, used the online reservation system operated by Auntie Bel- *667 ham’s Realty & Nightly Rental, Inc., of Pigeon Forge, Tennessee, to reserve a cabin in Gatlinburg, Tennessee. The Tennessee realty company confirmed the reservation by email and, shortly thereafter, by confirmation letter sent through the United States Postal Service to the plaintiffs’ home in Arabi, Louisiana. Upon arrival in Tennessee on October 16, 2009, the plaintiffs’ obtained the keys from the realty company but upon arrival at the rental cabin, both of them purportedly slipped and fell on the cabin steps.
On October 15, 2010, the plaintiffs filed a petition for damages in St. Bernard Parish, alleging that they were injured as a result of slip and fall accidents Ron a wet staircase outside a rental cabin in Gatlin-burg, Tennessee. The plaintiffs named as defendants the Tennessee realty company (Auntie Belham’s) from which they rented the cabin, and its unknown general liability and property insurers.
On January 20, 2011, the Tennessee realty company filed a peremptory exception of no jurisdiction over the person of the defendant. After a hearing on February 25, 2011, the trial court orally granted the exception but allowed the plaintiffs thirty days, until March 28, 2011, to amend their petition for damages.[1] On March 28, 2011, the plaintiffs filed their First Amended and Supplemental Petition. Shortly thereafter, on May 9, 2011, the Tennessee realty company “re-urged” its exception of no jurisdiction over the person of the defendant.
On August 29, 2011, the trial court rendered judgment, granting the Tennessee realty company’s exception of no jurisdiction and dismissing the plaintiffs’ lawsuit with prejudice. On October 18, 2011, the plaintiffs filed a petition for a devolutive appeal.

Discussion

A trial court’s legal ruling on a declinatory exception of lack of personal jurisdiction over the person of the defendant is reviewed de novo. See Walker v. Super 8 Motels, Inc., 04-2206, p. 4 (La.App. 4 Cir. 12/7/05), 921 So.2d 983, 986 (citation omitted). The Louisiana long-arm statute provides the circumstances under which a Louisiana court may exercise personal jurisdiction, stating in relevant part:
A. A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from any one of the following activities performed by the nonresident:
| ¾(4) Causing injury or damage in this state by an offense or quasi offense committed through an act or omission outside of this state if he regularly does or solicits business, or engages in any other persistent course of conduct or derives revenue from goods used or consumed or services rendered in this state.
La.Rev.Stat.l3:3201(A)(4).
In addition, pursuant to La.Rev. Stat. 13:3201(B), “a court of this state may exercise personal jurisdiction over a nonresident on any basis consistent with the constitution of this state and of the Constitution of the United States.” Thus, the limits of the Louisiana long-arm statute are co-extensive with the limits of constitutional due process and the sole inquiry into whether a Louisiana court has *668 jurisdiction over a non-resident is the constitutional due process analysis initially developed in International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Walker, supra, (citation omitted). The due process analysis, as enunciated in International Shoe, has evolved into a two-part test wherein the plaintiff must first prove that the defendant has “minimum contacts” with the forum state, ie., that the defendant purposefully availed itself of the privilege of conducting activities within the forum state and thus invoked the benefits and protections of its laws. A & L Energy, Inc. v. Pegasus Group, 2000-3255, p. 5 (La.6/29/01), 791 So.2d 1266, 1271 (citing U.S. Supreme Court cases). Specifically, the plaintiff must show that the defendant’s actions were such that the defendant should reasonably anticipate being “haled into court” in the forum state. Id. (internal quotations and citation omitted). Only once the plaintiff meets this burden does the burden shift to the defendant. A & L Energy, 2000-3255, p. 11, 791 So.2d at 1274 (second prong of two-step due process of analysis requires defendant to prove the assertion of jurisdiction would be so unreasonable in light of traditional notions of fair play and 1¿substantial justice); see also Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985) (to satisfy the burden of proving minimum contacts with the forum state, the plaintiff must show that the defendant purposefully availed itself of the laws and protections of the forum state).
A review of the record indicates that the plaintiffs allege they received a brochure and emails pertaining to rental cabins from the Tennessee realty company after they contacted the Gatlinburg Chamber of Commerce and “registered online” for their prospective wedding to be held in Gatlinburg. Notably, the plaintiffs did not submit the brochure or any copies of the emails. Moreover, the plaintiffs submitted no evidence which suggests that the defendants have purposefully targeted citizens of this state as potential customers to the extent that they could reasonably anticipate being “haled” into a Louisiana court. Thus, the plaintiffs did not meet their burden in proving that the defendant has the requisite minimum contacts with this state. Accordingly, we do not find that the trial court erred in granting the defendant’s exception of no jurisdiction over the person of the defendant. We do note, however, that the plaintiffs’ lawsuit should have been dismissed without prejudice because the plaintiffs have a right to file a suit in a court of proper jurisdiction.

Conclusion

We amend the judgment to dismiss the plaintiffs lawsuit without prejudice and, as amended, affirm the judgment.
AMENDED; AFFIRMED AS AMENDED

. The written judgment reflecting this oral ruling was signed and filed into the record on March 29, 2011.