52 So.3d 196 (2010)
Colleen Comer MARCHAND; Bonnie A. Marchand; Patricia Marchand Picou; Dudley L. Marchand, III; Wayne M. Marchand; Rebecca Marchand Kennedy; Charmaine Marchand Bizette; Brett L. Marchand
v.
ASBESTOS DEFENDANTS; Anco Insulations, Inc., Bayer Cropscience, Inc. (as Successor of Liability to Rhone-Poulenc AG Company f/k/a Amchem Products, Inc. f/k/a Benjamin Foster Company); Ethyl Corporation (Successor to Albemarle Paper Manufacturing Company); et al.
Elodie Granier Rome and Donald Francis Rome
v.
Asbestos Defendants; Northrop Grumman Shipbuilding, Inc. (Formerly Avondale Industries, Inc. and Formerly Avondale Shipyards, Inc.) and its Executive Officers, Albert Bossier, Jr. and J. Melton Garrett; American Motorists Insurance Company; et al.
Wayne Joseph St. Pierre
v.
Northrop Grumman Shipbuilding, Inc., (Formerly Northrop Grumman Ship Systems, Inc., Formerly, Avondale Industries, Inc., and Formerly Avondale Shipyards, Inc.) and its Executive Officers, et al.
Nos. 2010-CA-0476, 2010-CA-0543, 2010-CA-0766.
Court of Appeal of Louisiana, Fourth Circuit.
November 10, 2010.
*197 Gerolyn P. Roussel, Perry J. Roussel, Jr., Jonathan B. Clement, Lauren R. Clement, Roussel & Clement, Laplace, LA, For Plaintiffs/Appellants.
Charles V. Giordano, Anthony J. Milazzo, Jr., Hebbler & Giordano, L.L.C., Metairie, LA, for Defendant-Appellee (Rapid-American Corporation).
(Court composed of Judge PATRICIA RIVET MURRAY, Judge MICHAEL E. KIRBY, Judge ROLAND L. BELSOME).
MICHAEL E. KIRBY, Judge.
In this consolidated appeal, plaintiffs in three cases appeal the granting of exceptions of lack of personal jurisdiction filed by defendant, Rapid-American Corporation. The rulings at issue were rendered by three trial court judges. This Court granted the unopposed motion of Rapid-American Corporation to consolidate these cases for purposes of this appeal as all three cases involve the same issue.[1]
Plaintiffs filed suit against numerous defendants, including Rapid-American, alleging injuries caused by exposure to asbestos-containing products. In their petitions, plaintiffs alleged that Rapid-American is the successor by merger to the Philip Carey Manufacturing Company, which manufactured and sold some of the asbestos-containing products leading to the damages upon which these lawsuits are based. Plaintiffs named Rapid-American as a defendant pursuant to the Louisiana Long-Arm Statute, La. R.S. 13:3201, et seq., which allows a Louisiana court to exercise personal jurisdiction over a nonresident defendant for "[m]anufacturing of a product or component thereof which caused damage or injury in this state, if at the time of placing the product into the stream of commerce, the manufacturer could have foreseen, realized, expected, or anticipated that the product may eventually be found in this state by reason of its nature and the manufacturer's marketing practices." La. R.S. 13:3201(A)(8).
Rapid-American filed declinatory exceptions of lack of personal jurisdiction in all three cases herein, relying on this Court's previous decision in Boatwright v. Metropolitan Life Insurance Co., 95-1822 (La. App. 4 Cir. 9/28/95), 661 So.2d 169. In the *198 Boatwright case, as in the instant cases, Rapid-American argued that it is a Delaware corporation that has never been engaged in any aspect of the asbestos business, and has never done business of any kind in Louisiana. Rapid-American further argued that its connection to the Philip Carey Manufacturing Company is so tenuous and remote that it cannot support personal jurisdiction over Rapid-American in Louisiana courts.
In the Boatwright case, this Court set forth the following corporate history of Rapid-American and Philip Carey Manufacturing Company as outlined by Rapid-American in its exception:
Old Carey [Philip Carey Manufacturing Company] was an Ohio corporation formed in 1888 that manufactured asbestos products. In 1966 Glen Alden Company, a Delaware Corporation that did not manufacture asbestos, formed P.C. Company, Inc. as a vehicle to carry on the business of Old Carey as soon as Glen Alden's acquisition of Old Carey was completed. On June 1, 1967, Old Carey merged into Glen Alden, and Glen Alden assumed all of Old Carey's liabilities through the merger. Glen Alden then immediately transferred Old Carey's business to P.C. Company, a subsidiary which was later renamed Philip Carey Corporation (New Carey). New Carey then assumed Old Carey's liabilities to which Glen Alden had become subject as a result of the merger and agreed to hold Glen Alden harmless and to indemnify it for such liabilities.
In April 1970, New Carey merged with Briggs Manufacturing Company; the successor corporation was named Panacon Corporation. Glen Alden owned the majority of Panacon's publicly traded shares. In April 1972, Glen Alden sold its controlling interest in Panacon to Celotex Corporation; Panacon was a subsidiary of Celotex until it was merged into Celotex in June of 1972. As part of the merger, Celotex acquired all of Panacon's liabilities.
In October/November 1972, Rapid American Corporation of Ohio (Rapid Ohio) merged with Glen Alden. The successor corporation was named Rapid American Corporation, and it assumed all debts and liabilities of Glen Alden. In January 1981, Rapid American merged with Kenton Corporation and R-K Holding Corporation to become the present day relator [Rapid-American]. Like the other merger agreements, this one provided for the assumption of liability of the predecessor corporations.
Boatwright v. Metropolitan Life Ins. Co., 95-1822, pp. 2-3, 661 So.2d at 170.
The Boatwright court noted that in order to subject a nonresident defendant to personal jurisdiction, due process requires that the defendant must have certain minimum contacts with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. Boatwright v. Metropolitan Life Ins. Co., 95-1822, p. 4, 661 So.2d at 171, citing International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); de Reyes v. Marine Mgt. and Consulting, 586 So.2d 103 (La.1991). This Court further noted that the minimum contacts between the nonresident defendant and the state must be based on some act by the defendant through which he purposefully avails himself of the privilege of conducting activities within the state and thereby invokes the benefits and protections of the state's law. Id., citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). This requirement ensures that the defendant will not be haled into a jurisdiction solely as a result of a random, fortuitous, or attenuated contact, *199 by the unilateral activity of another party or a third person. Id., citing de Reyes, 586 So.2d at 106.
In ruling that Louisiana courts did not have personal jurisdiction over Rapid-American, the Boatwright court stated:
Relator could not have foreseen being sued in this state to answer for liabilities of a long nonexistent corporation, the business of which had been taken over by a subsidiary that relator never owned. Additionally, unlike the successor corporation in Cole, relator could not have sued in this state to collect money owed to Old Carey since Old Carey, as well its successor New Carey and Panacon, were sold before Glen Alden merged with Rapid Ohio, relator's predecessor corporation. More important, however, is the fact that relator has had no contacts in Louisiana from which it availed itself of the privilege of doing business in this state.
It would be unreasonable to conclude that relator could have expected to be haled into Louisiana's courts because of the series of mergers and acquisitions outlined above. Although we do not intend to convey a hard and fast rule that a successor corporation can never be subject to Louisiana's Long Arm Statute because of the contacts of its predecessor, under the facts of the instant case, to do so would violate any notion of fair play and substantial justice.
Boatwright v. Metropolitan Life Ins. Co., 95-1822, p. 8, 661 So.2d at 173.
In the instant cases, Rapid-American argued in its memoranda in support of the exceptions of lack of personal jurisdiction that there has been no material change in Rapid-American's status since the Boatwright case was heard, and Rapid-American still does not do business or have any business activities, operations or property in Louisiana. Noting that the Boatwright case is still good law, Rapid-American argued that its exceptions of lack of personal jurisdiction should be granted.
In opposing the exceptions, plaintiffs cited an unpublished writ denial from the Louisiana Fifth Circuit Court of Appeal, Abadie, et al. v. Metropolitan Life Ins. Co., 95-375 (La.App. 5 Cir. 5/4/95), which held that Rapid-American was properly subject to the personal jurisdiction of Louisiana courts. Plaintiffs also cited a joint motion to dismiss a writ application in the Louisiana Supreme Court in the Boatwright case, which included the clause:
Defendant, Rapid has determined that, in the above-captioned cases, presently filed cases, and future cases, it will not oppose jurisdiction with respect to any plaintiff who (1) is a citizen of the State of Louisiana, or (2) who, prior to June 1, 1967, was exposed to asbestos-containing products of the Philip Carey Manufacturing Company within the State of Louisiana (the "Criteria"). Plaintiffs represent to Rapid that the instant cases meet the Criteria. In reliance of such representation, Rapid will not be filing opposition papers with this Court and shall file answers on behalf of Rapid.
Plaintiffs also argued that subjecting Rapid-American to the jurisdiction of Louisiana courts would not violate due process because Rapid-American's corporate representative testified by deposition that Rapid-American's business is to defend asbestos cases across the United States.
Following hearings in all three cases, the trial court judges granted Rapid-American's exceptions of lack of personal jurisdiction. In the judgment appealed from in 2010-CA-0476, the trial judge granted the exception after stating in open court that Boatwright was still controlling law. In 2010-CA-0543, the trial judge granted the exception and issued written *200 reasons for judgment. Citing the Boatwright case, the trial judge stated that while she recognized that there may be an imputation of personal jurisdiction by a successor corporation if there is a continuation of the business of the former corporate entity, those facts do not exist in this case. In 2010-CA-0766, the trial court granted the exception without reasons. In all three cases, arguments were made regarding the above-quoted clause in the joint motion to dismiss a writ application in the Louisiana Supreme Court in the Boatwright case.
Plaintiffs now appeal these three judgments, arguing that the trial courts erred in granting Rapid-American's exceptions of lack of personal jurisdiction. An appellate court shall conduct a de novo review of the legal issue of personal jurisdiction over a nonresident by a Louisiana court. Anderson v. Interamerican Mfg., Inc., 96-1639, p. 3 (La.App. 4 Cir.4/9/97), 693 So.2d 210, 212.
Plaintiffs' first argument is that the trial courts erred by not finding that the past minimum contacts of Philip Carey Manufacturing Company in Louisiana could be imputed to its successor, Rapid-American. This argument has already been resolved in Rapid-American's favor in this Court in Boatwright v. Metropolitan Life Insurance Co., 95-1822 (La.App. 4 Cir. 9/28/95), 661 So.2d 169. The corporate history of Philip Carey Manufacturing Company and Rapid-American revealed that several months elapsed between Glen Alden's sale of its asbestos assets to Celotex and Rapid-Ohio's merger with Glen Alden to form the Rapid-American Corporation. The Boatwright court concluded that Rapid-American could not have reasonably foreseen being haled into a Louisiana court to answer for the liability of Philip Carey Manufacturing Company. Id. The Boatwright case has never been overruled, and we find no reason to do so now.
Plaintiffs cite the case of Abadie, et al. v. Metropolitan Life Ins. Co., 95-375 (La. App. 5 Cir. 5/4/95), which upheld a denial of an exception of lack of personal jurisdiction filed by Rapid-American. While we recognize that this decision is in conflict with the Boatwright decision, we are not bound by decisions of other circuits. The Boatwright case is the controlling law in this circuit, and we are bound to follow it in this case.
Plaintiffs next argue that the trial courts erred by not finding that Rapid-American has minimum contacts with Louisiana, thus subjecting it to personal jurisdiction. They argue that while the evidence presented in the Boatwright case was found to be insufficient to subject Rapid-American to the personal jurisdiction of Louisiana courts, the facts in the instant cases differ from the facts presented in Boatwright. Specifically, plaintiffs point to a deposition taken of Rapid-American's corporate representative after the Boatwright case in which he stated that Rapid-American's principal business is to defend asbestos cases across the United States. Plaintiffs also rely on a clause that counsel for Rapid-American agreed to include in a joint motion to dismiss an application for writs in the Louisiana Supreme Court in the Boatwright case.
The burden of proving minimum contacts lies with the party claiming jurisdiction to be proper. Boatwright v. Metropolitan Life Insurance Co., 95-1822, p. 4 (La.App. 4 Cir. 9/28/95), 661 So.2d 169, 171. The fact that Rapid-American has defended cases in the Louisiana courts, even in cases where it has not raised an exception of lack of personal jurisdiction, is not enough to establish the "minimum contacts" requirement for subjecting a party *201 to personal jurisdiction in Louisiana. As stated above, the minimum contacts between the nonresident defendant and the state must be based on some act by the defendant through which he purposefully avails himself of the privilege of conducting activities within the state and thereby invokes the benefits and protections of the state's law. Boatwright v. Metropolitan Life Ins. Co., 95-1822, p. 4, 661 So.2d at 171, citing International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); de Reyes v. Marine Mgt. and Consulting, 586 So.2d 103 (La. 1991). (Emphasis ours.) Certainly, the decision of a nonresident company to defend itself upon being named as a defendant in a lawsuit filed in Louisiana is not an action that can be classified as the purposeful availment of the privilege of conducting business in Louisiana. This argument has no merit.
Furthermore, the inclusion of the above-quoted clause in the joint motion to dismiss a writ application in the Louisiana Supreme Court in the Boatwright case did not preclude Rapid-American from raising the exception of lack of personal jurisdiction in these cases. The language agreed to by counsel for Rapid-American in the joint motion to dismiss in another lawsuit does not constitute a judicial confession in the instant cases and, therefore, the principle of judicial estoppel does not apply. See Kaufmann v. Corporate Realty, Inc., 99-1104, p. 10 (La.App. 5 Cir. 4/12/00), 759 So.2d 969, 975. Allegations, admissions or confessions in pleadings in another suit are extrajudicial admissions and are admissible as evidence, but are not conclusive presumptions and do not operate as estoppel unless the party invoking them has been prejudiced by relying upon them. La. C.C. article 1853; Lakeshore Property Owners Association, Inc. v. Delatte, 524 So.2d 126 (La.App. 4 Cir.1988).
As noted above, the issue of the clause in the Boatwright joint motion to dismiss was argued in all three of the instant cases at the hearings on the exceptions. By granting the exceptions, the trial court judges obviously concluded that Rapid-American was not bound by its language used in another proceeding. We agree. Furthermore, we find that the fact that the clause begins with the words "[d]efendant, Rapid has determined" shows that Rapid-American's decision not to oppose personal jurisdiction was a determination made regarding the Boatwright case only, and that Rapid-American was not forfeiting the right to make a different determination in another unrelated proceeding.
Plaintiffs also argue that the trial court erred by considering the affidavits submitted by Rapid-American, contending that affidavits are not proper evidence on an exception of lack of personal jurisdiction. We find no case law to support this contention by plaintiffs. To the contrary, our research revealed numerous cases in which affidavits have been submitted in proceedings involving exceptions of lack of personal jurisdiction. The case cited by plaintiffs involved an exception of prescription. This argument has no merit.
For the reasons stated above, we affirm the trial court judgments granting Rapid-American's exceptions of lack of personal jurisdiction.
AFFIRMED.
BELSOME, J., Dissents with Reasons.
BELSOME, J., Dissents with Reasons.
I respectfully dissent from the majority's opinion. The majority mischaracterizes the agreement filed into the record of the Supreme Court in Boatwright[1] as *202 merely a "clause" within a motion to dismiss. I find the language clearly creates a classic stipulation pour autrui, or a contractual benefit for a third party. See La. C.C. art. 1978.
According to the record in the instant case, the Boatwright plaintiffs had applied to the Supreme Court for Supervisory Writ of Certiorari seeking review of the district court's and appellate court's finding that Rapid was not subject to personal jurisdiction in Louisiana. Prior to the Court ruling on the writ, Rapid entered into an agreement with Boatwright counsel for the dismissal of the pending writ. In consideration for the dismissal of the writ, Rapid consented to the following:
Defendant Rapid has determined that, in the above-captioned cases, presently filed cases, and future cases, it will not oppose jurisdiction with respect to any plaintiff who (1) is a citizen of the State of Louisiana, or (2) who, prior to June 1, 1967, was exposed to asbestos-containing products of the Philip Carey Manufacturing Company within the State of Louisiana (the "Criteria") .... (emphasis added).
Louisiana law clearly allows for third parties to benefit from contracts for which they were not privy. See, La. C.C. art. 1978, et seq. There is not a presumption in favor of a stipulation pour autrui. Smith v. State Farm Ins. Companies, 2003-1580, pp. 4-5 (La.App. 4 Cir. 3/3/04), 869 So.2d 909, 912-13. The intent of the party to create the stipulation in favor of a third party must be manifestly clear. Id. Establishing the existence of a stipulation pour artrui rests with the party demanding performance. See, La. C.C. art. 1831. In Joseph v. Hosp. Serv. Dist. No. 2 of Parish of St. Mary, 05-2364, (La.10/15/06), 939 So.2d 1206, the Supreme Court succinctly set forth the requirements of a valid stipulation pour autrui: (1) the stipulation for a third party is manifestly clear; (2) there is certainty as to the benefit provided the third party; and (3) the benefit is not a mere incident of the contract between the promisor and the promisee. Id.
Applying those principles to the instant case, the facts unmistakably favor the existence of a stipulation pour autrui. First, the words could not be more clear, Rapid renounced opposing jurisdiction "with respect to any plaintiff" that fit the "criteria." That language could have easily been crafted to limit the scope of the beneficiaries to "plaintiffs represented by undersigned counsel" but that was not done. Instead, the language created a benefit for a specific class of plaintiffs. Secondly, the language leaves no question as to the benefit provided to the third party; Rapid will no longer oppose jurisdiction in Louisiana. And lastly, the benefit to the plaintiffs that meet the criteria is not merely incidental to the agreement, but rather, it was the sole consideration given in exchange for the dismissal of the Boatwright writ.
The language of the agreement, although broad, is clear and unambiguous and this Court should not seek to interpret that language in a more restrictive manner than was consented to by the parties. Although the agreement came into existence in another case, Rapid remains bound to honor the conditions of the stipulation. For this Court to hold otherwise is unjust. For the reasons discussed, I dissent.
NOTES
[1] All three cases involve the same plaintiffs' counsel and defense counsel.
[1] Boatwright v. Metropolitan Life Insurance Co., 95-1822 (La.App. 4 Cir. 9/28/95), 661 So.2d 169.