GRAVOIS, J.
In this suit on an open account, plaintiff, Dr. Alan Kaye, appeals a trial court judgment that granted an exception of lack of personal jurisdiction filed by defendant, Law Office of Karp, Wigodsky, Norwind & Gold, P.A. (the "law firm"), dismissing plaintiff's suit with prejudice. For the following reasons, we reverse the trial court's grant of the exception of lack of personal jurisdiction and remand the matter for further proceedings.
FACTS AND PROCEDURAL BACKGROUND
On March 28, 2016, Dr. Kaye, an anesthesiologist who practices and lives in Jefferson Parish, Louisiana, filed a Petition in Suit on Open Account in the First Parish Court for the Parish of Jefferson against defendant, a Maryland law firm. In his petition, Dr. Kaye alleged that he was personally contacted and retained by the law firm in 2015 as a medical expert to testify in the medical malpractice claim the law firm was handling as per a fee schedule sent to the law firm by Dr. Kaye. The petition further alleged that the law firm agreed to pay Dr. Kaye for his services and directed him to examine the patient out of state, review numerous and voluminous medical records, and provide deposition and trial testimony as an expert; however, the law firm had refused to pay the balance of his bill for services rendered, despite demand. The suit also named Ronald A. Karp individually as a defendant.
In response to the petition, defendants filed various exceptions, including, pertinent to this appeal, an exception of lack of personal jurisdiction over the law firm.[1] A hearing was held on the exceptions on June 20, 2016. At the conclusion of the hearing, the trial court orally denied the exception of lack of personal jurisdiction filed by the law firm. A written judgment was signed by the trial court on June 22, 2016 denying the exception.[2]
On July 21, 2016, the law firm filed a writ application with this Court, seeking this Court's supervisory review of the trial court's denial of its exception of lack of *618 personal jurisdiction over the law firm. In a disposition rendered on September 1, 2016, a majority of a five-judge panel of this Court granted the writ application, finding that "[t]he petition fails to contain allegations such that [the law firm] performed any work in Louisiana, that any [law firm] lawyer is licensed to practice law in Louisiana, or one ever travelled to Louisiana." This Court further found that "[t]he petition merely states that Dr. Kaye performed the majority of his work in Louisiana." This Court granted the law firm's exception of lack of personal jurisdiction, and remanded the matter to the trial court for further proceedings.[3]
In response to this Court's writ disposition, on November 18, 2016, with leave of court, Dr. Kaye substituted his First Amended Petition with a Second Amended Petition in Suit on Open Account. The amended petition specifically alleged that the law firm contacted him to retain his services as a medical expert, rather than the other way around. The amended petition further reiterated and expanded on all of the various services that Dr. Kaye had performed at the request and under the direction of the law firm in connection with his retention by the law firm as an expert witness. According to the amended petition, the services performed by Dr. Kaye were requested and accomplished mainly through emails and telephone calls. Dr. Kaye asserted that he performed services for the law firm under the retention agreement both in Louisiana and out of state. The amended petition also, however, contained the following allegation of the law firm's activities within this state in connection with its retention of Dr. Kaye as an expert witness in its malpractice case, to-wit:
Additional tasks carried out pursuant to the terms of the parties' agreement and in furtherance of [the law firm's] business on the said [client] matter include, but are not limited to, [the law firm's] travel to, and preparation for and attendance/defense of, Dr. Kaye's pretrial deposition here in Jefferson Parish.
Thus, the amended petition specifically alleges that Dr. Kaye's deposition for the law firm's malpractice case was taken in Jefferson Parish, and that a member of the law firm traveled to Louisiana to prepare for, attend, and defend Dr. Kaye's deposition.
On December 8, 2016, the law firm filed a second exception of lack of personal jurisdiction, asserting that Dr. Kaye still had not established a constitutional basis for the assertion of personal jurisdiction by Louisiana over the out-of-state law firm. Dr. Kaye opposed the exception, attaching various exhibits to his memorandum in opposition, including his affidavit which further expounded on the various actions and activities taken by both he and the law firm in connection with the retention agreement. A hearing on the exception was held on April 19, 2017, at which time the parties presented argument but no witnesses. Over the law firm's objection, the trial court admitted the affidavit and exhibits attached to Dr. Kaye's opposition to the exception.[4] At the conclusion of the hearing, the trial court orally granted the exception of lack of personal jurisdiction *619 filed by the law firm and dismissed Dr. Kaye's suit with prejudice. A written judgment to this effect was signed by the trial court on April 26, 2017.[5] On May 12, 2017, Dr. Kaye moved for a devolutive appeal of the judgment, which the trial court granted on May 16, 2017.
ANALYSIS
On appeal, Dr. Kaye argues that the trial court erred in granting the exception of lack of personal jurisdiction filed by the law firm. He argues that the trial court misunderstood the prior ruling of this Court, the unpublished writ disposition in writ number 16-C-423, which granted the law firm's exception of lack of personal jurisdiction, but remanded the matter to the trial court for further proceedings. Dr. Kaye also argues that his amended petition alleged facts showing that the law firm had the requisite minimum contacts with this forum, supported by the attachments to his opposition, such that personal jurisdiction should be found.
When reviewing a trial court's legal ruling on a declinatory exception of lack of personal jurisdiction, an appellate court applies a de novo standard. Jacobsen v. Asbestos Corp. , 12-655 (La. App. 5 Cir. 5/30/13), 119 So.3d 770, 778. However, the trial court's factual findings underlying the decision are reviewed under the manifest error standard of review. Id. ; Winston v. Millaud , 05-0338 (La. App. 4 Cir. 4/12/06), 930 So.2d 144, 149-50 (noting that "jurisdiction itself is a question of law subject to de novo review."). Questions of law are reviewed de novo , without deference to the legal conclusions of the trial court. Power v. State Farm Fire & Cas. Co. , 15-796 (La. App. 5 Cir. 5/26/16), 193 So.3d 471, 473.
The exercise of personal jurisdiction over a non-resident defendant comports with due process when a two-part test is satisfied: first, the defendant must have had certain "minimum contacts" with the forum state; and second, as a result of those contacts, the maintenance of the suit would not offend traditional notions of fair play and substantial justice.
*620 Jacobsen v. Asbestos Corp. , 119 So.3d at 779. As this Court stated in that case:
The initial burden of proving sufficient minimal contacts to establish personal jurisdiction rests with the party asserting jurisdiction is proper. de Reyes , 586 So.2d at 107 ;[6] Swoboda v. Hero Decks , 09-1303, p. 2 (La. App. 4 Cir. 3/31/10), 36 So.3d 994, 997 (holding that the party seeking to invoke personal jurisdiction bears the burden of establishing such jurisdiction exists). Once sufficient minimum contacts have been established, a presumption of reasonableness of jurisdiction arises. deReyes , supra . "The burden then shifts to the opposing party to prove the assertion of jurisdiction would be so unreasonable in light of traditional notions of fair play and substantial justice as to overcome the presumption of reasonableness created by the defendant's minimum contacts with the forum." Id.
As to the first test of "minimum contacts", "[o]pinions in the wake of the pathmarking International Shoe decision have differentiated between general or all-purpose jurisdiction, and specific or case-linked jurisdiction." Goodyear Dunlop Tires Operations, S.A. v. Brown , 564 U.S. 915, 131 S.Ct. 2846, 2851, 180 L.Ed.2d 796 (2011) (citing Helicopteros Nacionales de Colombia, S.A. v. Hall , 466 U.S. 408, 414, 104 S.Ct. 1868, 80 L.Ed.2d 404, nn.8-9 (1984) ). Explaining the difference, the Supreme Court stated:
A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so "continuous and systematic" as to render them essentially at home in the forum State. Specific jurisdiction, on the other hand, depends on an "affiliatio[n] between the forum and the underlying controversy," principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation. In contrast to general, all purpose jurisdiction, specific jurisdiction is confined to adjudication of "issues deriving from, or connected with, the very controversy that establishes jurisdiction."
(Footnote added.)
The minimum contacts between a non-resident defendant and the state must be based on some act by the defendant through which he purposefully avails himself of the privilege of conducting activities within the state and thereby invokes the benefits and protections of the state's law. Marchand v. Asbestos , 10-0476 (La. App. 4 Cir. 11/10/10), 52 So.3d 196, 197, citing International Shoe Co. v. Washington , 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945) ; deReyes v. Marine Mgt. and Consulting , supra . The non-resident must have purposefully availed itself of the privilege of conducting activities within the forum state such that it can be said that it should have reasonably anticipated being haled into court there. World-Wide Volkswagen Corp. v. Woodson , 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). The "purposeful availment" requirement ensures that the defendant will not be haled into a jurisdiction solely as a result of a random, fortuitous, or attenuated contact, or by the unilateral activity of another party or a third person. de Reyes v. Marine Mgt. and Consulting , 586 So.2d at 106. A single act of purposeful contact with the forum state may suffice. Ruckstuhl v. Owens Corning Fiberglas Corp. , 98-1126 (La. 4/13/99), 731 So.2d 881, 885, citing *621 Burger King Corp. v. Rudzewicz , 471 U.S. 462, 475, 105 S.Ct. 2174, 2183, 85 L.Ed.2d 528 (1985). Where a forum seeks to assert specific jurisdiction over an out-of-state defendant who has not consented to suit there, the requirement of meaningful contacts is satisfied if the defendant has purposefully directed his activities at residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities. de Reyes v. Marine Mgmt. & Consulting, Ltd. , 586 So.2d at 104.
Upon de novo review, we find that Dr. Kaye's second amended petition, considered on its face without considering the objected-to attachments to his opposition to the law firm's exception, establishes sufficient "minimum contacts" of the law firm to the subject forum (Jefferson Parish), such that personal jurisdiction in this forum is proper.[7] Particularly, Dr. Kaye's second amended petition expanded the factual allegations in that he now alleged that, in addition to the law firm making the first contact with Dr. Kaye to retain him as an expert witness in a medical malpractice case it was handling, the law firm traveled to Louisiana to prepare for, attend, and defend Dr. Kaye's deposition, which had been noticed by opposing counsel in the malpractice case. These allegations were unrefuted by the law firm. These activities clearly amounted to the law firm's "doing business" within this state.[8] Again, a single act of purposeful contact with the forum state may suffice. See Ruckstuhl v. Owens Corning Fiberglas Corp. , supra . Further, the law firm's travel by one of its partners to Louisiana was clearly not a random, fortuitous, or attenuated contact, or a unilateral activity of another party or a third person. de Reyes v. Marine Mgt. and Consulting , 586 So.2d at 106. It is clearly not isolated or fortuitous that a party's expert witness's deposition may be noticed in his home state and that a party generally expects to defend its expert's deposition wherever it may be noticed. The current suit on an open account is the result of the law firm's purposefully directed activities at Dr. Kaye, a resident of the forum, hiring him to be an expert witness, and this litigation results from the alleged injuries (nonpayment of professional services) that arise out of those activities. Id. at 104.
Because Dr. Kaye established sufficient "minimum contacts" of the law firm to Jefferson Parish, such that personal jurisdiction in this forum is proper, the burden then shifted to the law firm to *622 prove that the assertion of jurisdiction would be so unreasonable in light of traditional notions of fair play and substantial justice as to overcome the presumption of reasonableness created by the law firm's minimum contacts with the forum. In determining this fundamental fairness issue, we must examine (1) the defendant's burden; (2) the forum state's interest; (3) the plaintiff's interest in convenient and effective relief; (4) the judicial system's interest in efficient resolution of controversies; and (5) the state's shared interest in furthering fundamental social policies. Ruckstuhl v. Owens Corning Fiberglas Corp. , 731 So.2d at 890.
The record reflects that the law firm's affidavit attached to its second exception was not sufficient to carry its shifted burden that the assertion of jurisdiction would be so unreasonable in light of traditional notions of fair play and substantial justice.[9] The affidavit did not address the five-part test noted above. The record, however, does contain enough information for this Court to make the necessary evaluation. First, the defendant's burden has been described in terms of traveling to the forum state to defend the suit. Ruckstuhl v. Owens Corning Fiberglas Corp. , supra . We find this burden to be slight, given that the defendant law firm sought and hired Dr. Kaye, knowing that he was a Louisiana resident, and has already traveled to Louisiana at least once to defend Dr. Kaye's deposition. Second, we find that Louisiana has a significant interest in seeing that its resident may seek relief in a Louisiana court, given that defendant sought out Dr. Kaye in Louisiana and that parts of the work contemplated by the parties' contract were performed here. We also find that Dr. Kaye has an interest in convenient relief, given that his services were sought out by the law firm and not the other way around. The law firm also argues that "all" of the witnesses to the case are in either Virginia or Maryland, but we find that the law firm is conflating this case with the medical malpractice case. In this suit on an open account, the primary witnesses will be Dr. Kaye and representatives of the law firm, who have already expressed a willingness to travel to Louisiana, when such concerned the medical malpractice case. Finally, in considering the shared interest of the several states in furthering fundamental substantive social policies, we must look to the procedural and substantive policies of other states whose interests are affected by the assertion of jurisdiction by this Court, as directed by the court in Ruckstuhl v. Owens Corning Fiberglas Corp. , supra . The record contains no discussion of the various interests of Virginia or Maryland, but also nothing to suggest that their policies would be offended by allowing a Louisiana resident to sue for an open account in a Louisiana court under the specific facts and minimum contacts with Louisiana presented here. Accordingly, in light of the above, we find that the assertion of jurisdiction in this forum would not be so unreasonable in light of traditional notions of fair play and substantial justice as to overcome the presumption of reasonableness created by the law firm's minimum contacts with the forum.
CONCLUSION
For the foregoing reasons, we reverse the trial court's grant of the exception of lack of personal jurisdiction filed by the Law Office of Karp, Wigodsky, Norwind & Gold, P.A., and remand the matter for further proceedings.
REVERSED AND REMANDED

Mr. Karp also filed an exception of no cause of action regarding the suit against him individually. The exception was granted, and he was dismissed from the suit in his individual capacity. This ruling was not appealed.

In response to the law firm's exception of lack of subject matter jurisdiction, Dr. Kaye filed an amended petition with leave of court on June 6, 2016, reducing the demanded amount in his suit from $27,437.47 to $20,000.00.

See Alan Kaye, MD v. Law Office of Karp, Wigodsky, Norwind & Gold, P.A. , 16-423 (La. App. 5 Cir. 9/1/16) (unpublished writ disposition). The two dissenting judges on the writ disposition would have denied the writ application, finding that on the showing made, relator (the defendant law firm) did not include enough information in the writ application for this Court to discern whether defendant had met the required evidentiary burden in the trial court.

The law firm objected to the affidavit and exhibits as being hearsay evidence.

On April 19, 2017, the law firm submitted a written judgment to the trial court and faxed a copy of the proposed judgment to Dr. Kaye's counsel that same day, as evidenced by the certificate accompanying the proposed judgment. No objection being made to the proposed judgment, which dismissed the case, it was signed by the trial court on April 26, 2017. Notices of the judgment were mailed by the clerk of court to the parties that same day.
Because this judgment is from a parish court, appellate delays are governed by La. C.C.P. art. 5002, not La. C.C.P. art. 2087, as Dr. Kaye alleged in his motion for appeal. Prior to oral argument, this Court sua sponte found the timeliness of this appeal questionable, given that the motion for appeal was filed on May 12, 2017, some sixteen days after the notice of the judgment was mailed to the parties on April 26, 2017. The parties responded to a rule to show cause issued by this Court as to why this appeal should not be dismissed as untimely. In parish court cases, appeal delays run from the date of receipt of the notice of judgment, not the date of the mailing of the notice of judgment. Alexander v. Maki , 15-517 (La. App. 5 Cir. 1/4/16), 183 So.3d 821, 822-23. Dr. Kaye's counsel alleged in brief in response to the rule to show cause (and in an affidavit attached to his brief) that he received the notice of the judgment "to the best of [his] recollection" on or about May 5, 2017, some nine days after the notice of the judgment was mailed. Dr. Kaye's counsel contended that his mail was routinely delayed, despite some other clear instances in the appellate record of receipt of mail within a much shorter time, one to five days. Because the date of receipt of notice of the judgment could not be firmly established, this Court shall maintain the appeal, as appeals are favored under the law, and any doubt as to the timeliness of an appeal shall be resolved in favor of maintaining, rather than dismissing an appeal. Hacienda Constr., Inc. v. Newman , 10-18 (La. App. 5 Cir. 6/29/10), 44 So.3d 333, 336.

de Reyes v. Marine Management and Consulting, Ltd, et al. , 586 So.2d 103 (La. 1991).

Because of our finding that Dr. Kaye's second amended petition, considered on its face without considering the objected-to attachments to his opposition to the law firm's exception, establishes sufficient "minimum contacts" of the law firm to the subject forum (Jefferson Parish), such that personal jurisdiction in this forum is proper, we pretermit any discussion on whether the objected-to attachments to Dr. Kaye's opposition to the law firm's exception were properly admitted and considered by the trial court. When no evidence is introduced at the trial of the exception, the court is restricted to the allegations of the petition, which for purposes of the exception are to be accepted as true. Matthews v. United Fire & Casualty Ins. Co. , 16-0389 (La. App. 4 Cir. 3/8/17), 213 So.3d 502, 505. We will thus review the merits of Dr. Kaye's opposition to the exception considering only the allegations contained in his seconded amended petition, which for purposes of the exception are to be accepted as true.

The law firm argues that it did not practice law within this state, and that none of its attorneys are licensed to practice law within this state. However, it is undisputed that the law firm did in fact send an attorney to Louisiana to defend Dr. Kaye's deposition, which was noticed in Louisiana. While it might be argued that the law firm's attorney was or was not engaged in "practicing law" within this state while defending Dr. Kaye's deposition, clearly the firm was "doing business" with its expert witness within this state at that time.

Plaintiff did not object to defendant's affidavit.