DANIEL E. BECNEL, III

VERSUS

CHARLES WEINREIS, AS OWNER, EUGENE
WEINREIS, AS PRESIDENT, AND CHEYENNE
RIDGE OUTFITTERS AND LODGE, INC.

NO. 23-C-583

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

_____ March 12, 2024 _____

Susan Buchholz
Chief Deputy Clerk

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Susan S. Buchholz
Chief Deputy, Clerk of Court

**IN RE** CHEYENNE RIDGE OUTFITTERS AND LODGE, INC., CHARLES WEINREIS, AND EUGENE WEINREIS

**APPLYING FOR** SUPERVISORY WRIT FROM THE FORTIETH JUDICIAL DISTRICT COURT, PARISH OF ST. JOHN THE BAPTIST, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE NGHANA LEWIS, DIVISION "B", NUMBER 78704

Panel composed of Judges Marc E. Johnson,
Stephen J. Windhorst, and John J. Molaison, Jr.

**WRIT GRANTED; EXCEPTION SUSTAINED; REMANDED WITH INSTRUCTIONS**

Relators/Defendants, Charles Weinreis, Eugene Weinreis, and Cheyenne Ridge Outfitters and Lodge, Inc., seek a review of the trial court's November 15, 2023 denial of their declinatory exception of lack of personal jurisdiction in favor of Plaintiff, Daniel E. Becnel, III. They argue that they are nonresidents who do not have the required minimum contacts with Louisiana to maintain a lawsuit in this forum. Relators contend that maintaining Mr. Becnel's action against them would offend traditional notions of fair play and substantial justice.

On October 13, 2022, Mr. Becnel filed a petition for breach of contract and damages against Relators. In the petition, Mr. Becnel asserted that Charles Weinreis is licensed and doing business as owner of Cheyenne Ridge Outfitters and Lodge, In., in Minatare, Nebraska; Eugene Weinreis is licensed and doing business as president of Cheyenne Ridge Outfitters and Lodge, Inc., in Golva, North Dakota; and Cheyenne

Ridge Outfitters and Lodge, Inc. (hereinafter referred to as "Cheyenne Ridge") is licensed and doing business in Scottsbluff, Nebraska. Mr. Becnel alleged that he entered into a renewal contract for a hunting trip with Sean Finley, the general manager, for November 14-17, 2021 at Cheyenne Ridge. He further alleged that Defendants breached the contract when they failed to have sufficient guides or hunts as advertised, and Mr. Finley produced a fraudulent invoice with an inflated price and an unauthorized gratuity amount. In opposition to the petition, Relators filed a declinatory exception of lack of personal jurisdiction.

Before the hearing on the exception, Mr. Becnel filed an amended petition for breach of contract. In the amended petition, Mr. Becnel added John Burrell Outfitters and Sean Finley as defendants. He alleged that Mr. Burrell operated fishing trips in Louisiana, and he originally booked the initial trip through Mr. Burrell. He asserted that Mr. Burrell received payments from Relators as its agent for hunters, and Mr. Burrell failed to ensure that the company he booked had proper hunting guides and/or leases. Regarding Mr. Finley, Mr. Becnel alleged Mr. Finley failed to sufficiently provide competent guides for the booked trip and produced a fraudulent receipt. He further alleged that Mr. Finley worked in Part Eads, Louisiana for John Burrell Outfitters and solicited customers for John Burrell Outfitters and Relators.

A hearing on the declinatory exception was held on July 26, 2023. No appearance on behalf of Mr. Becnel was made at the hearing. In a judgment dated August 8, 2023, the trial court sustained Defendants' exception of lack of personal jurisdiction and dismissed Mr. Becnel's petition against Relators. Mr. Becnel filed a motion for a new trial, which was granted by the trial court on October 27, 2023.

The hearing on the exception was reset for November 8, 2023. Mr. Becnel and Relators were represented at the hearing. The minute entry states that the exceptions were introduced into the record by Relators,[1] and the matter was taken under advisement.

In its November 15, 2023 "Judgment with Reasons," the trial court overruled Relators' exception. The court found that, taking the alleged facts of the original and amended petitions as true, sufficient facts were pleaded to demonstrate Relators "'purposefully directed [their] activities' as owners and officers of hunting lodges at Plaintiff and that this litigation, which involves an alleged breach of contract, arises out of transactions solicited from Plaintiff by these Defendants, in their capacities as owners and officers of Cheyenne Ridge Outfitters and Lodge, Inc." The instant writ application followed.

La. R.S. 13:3202 reads, in pertinent part:

A. A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from any one of the following activities performed by the nonresident:
(1) Transacting any business in this state.
***
B. In addition to the provisions of Subsection A, a court of this state may exercise personal jurisdiction over a nonresident on any basis consistent with the constitution of this state and of the Constitution of the United States.

In *Kaye v. Karp*, 17-397 (La. App. Cir, 12/27/17), 237 So.3d 614, 619-21, *writ denied sub nom*, *Kate v. Karp*, 18-136 (La. 3/9/18), 237 So.3d 1193, this Court explained the review of a declinatory exception of lack of personal jurisdiction by stating:

> When reviewing a trial court's legal ruling on a declinatory exception of lack of personal jurisdiction, an appellate court applies a *de novo* standard. *Jacobsen v. Asbestos Corp.*, 12-655 (La. App. 5 Cir. 5/30/13), 119 So.3d 770, 778. However, the trial court's factual findings underlying the decision are reviewed under the manifest error standard of review. *Id.*; *Winston v. Millaud*, 05-0338 (La. App. 4 Cir. 4/12/06), 930 So.2d 144, 149-50 (noting that "jurisdiction itself is a question of law subject to *de novo* review."). Questions of law are reviewed *de novo*, without deference to the legal conclusions of the trial court. *Power v. State Farm Fire & Cas. Co.*, 15-796 (La. App. 5 Cir. 5/26/16), 193 So.3d 471, 473.

---

[1] Relators did not submit a copy of the November 8, 2023 transcript with their writ application.

The exercise of personal jurisdiction over a non-resident defendant comports with due process when a two-part test is satisfied: first, the defendant must have had certain "minimum contacts" with the forum state; and second, as a result of those contacts, the maintenance of the suit would not offend traditional notions of fair play and substantial justice. *Jacobsen v. Asbestos Corp.*, 119 So.3d at 779. As this Court stated in that case:

> The initial burden of proving sufficient minimal contacts to establish personal jurisdiction rests with the party asserting jurisdiction is proper. d*e Reyes*, 586 So.2d at107; *Swoboda v. Hero Decks*, 09-1303, p. 2 (La. App. 4 Cir. 3/31/10), 36 So.3d 994, 997 (holding that the party seeking to invoke personal jurisdiction bears the burden of establishing such jurisdiction exists). Once sufficient minimum contacts have been established, a presumption of reasonableness of jurisdiction arises. *de Reyes*, *supra*. "The burden then shifts to the opposing party to prove the assertion of jurisdiction would be so unreasonable in light of traditional notions of fair play and substantial justice as to overcome the presumption of reasonableness created by the defendant's minimum contacts with the forum." *Id.*

As to the first test of "minimum contacts", "[o]pinions in the wake of the pathmarking *International Shoe* decision have differentiated between general or all-purpose jurisdiction, and specific or case-linked jurisdiction." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 131 S.Ct. 2846, 2851, 180 L.Ed.2d 796 (2011) (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414, 104 S.Ct. 1868, 80 L.Ed.2d 404, nn. 8-9 (1984)). Explaining the difference, the Supreme Court stated:

> A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so "continuous and systematic" as to render them essentially at home in the forum State. Specific jurisdiction, on the other hand, depends on an "affiliation[n] between the forum and the underlying controversy," principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation. In contrast to general, all purpose jurisdiction, specific jurisdiction is confined to adjudication of "issues deriving from, or connected with, the very controversy that establishes jurisdiction."

The minimum contacts between a non-resident defendant and the state must be based on some act by the defendant through which he purposefully avails himself of the privilege of conducting activities within the state and thereby invokes the benefits and protections of the state's law. *Marchand v. Asbestos*, 10-0476 (La. App. 4 Cir. 11/10/10), 52 So.3d 196, 197, citing *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); *de Reyes v. Marine Mgt. and Consulting*, *supra*. The non-resident must have purposefully availed itself of the privilege of conducting activities within the forum state such that it can be said that it should have reasonably anticipated being haled into court there. *World-*

*Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). The "purposeful availment" requirement ensures that the defendant will not be haled into a jurisdiction solely as a result of a random, fortuitous, or attenuated contact, or by the unilateral activity of another party or a third person. *de Reyes v. Marine Mgt. and Consulting*, 586 So.2d at 106. A single act of purposeful contact with the forum state may suffice. *Ruckstuhl v. Owens Corning Fiberglass Corp.*, 98-1126 (La. 4/13/99), 731 So.2d 881, 885, citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475, 105 S.Ct. 2174, 2183, 85 L.Ed.2d 528 (19850. Where a forum seeks to assert specific jurisdiction over an out-of-state defendant who has not consented to suit there, the requirement of meaningful contacts is satisfied if the defendant has purposefully directed his activities at residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities. *de Reyes v. Marine Mgmt. & Consulting, Ltd.*, 586 So.2d at 104.

(Internal footnote omitted).

In the instant matter, Mr. Becnel acknowledges that Relators are nonresident defendants. Thus, we must first determine whether Relators have certain minimum contacts with Louisiana, such that they purposefully availed themselves of the privileges of this state. In his petitions, Mr. Becnel alleged that Mr. Burrell received payments from Relators as its agent for hunters. While Mr. Burrell may have booked Mr. Becnel's initial hunting trip, the petition fails to relate Mr. Burrell with the booking of the hunting trip at issue; thus, the petition fails to establish Relators' minimum contact with St. John the Baptist Parish through Mr. Burrell.

In his petitions, Mr. Becnel alleged that Mr. Finley worked in Part Eads, Louisiana, and solicited customers for Relators. Mr. Finley's affidavit, which was attached to the exception of lack of personal jurisdiction introduced into evidence at the hearing, stated that he operated and managed the Signature Lodge (located in Pierre, South Dakota) and North Platte Outpost (located in Scottsbluff, Nebraska), which were owned by Cheyenne Ridge. He stated that Charles and Eugene Weinreis are not involved in the day-to-day operations of Cheyenne Ridge, and Relators do not conduct business or seek business in Louisiana. Mr. Finley attested that Mr. Becnel contacted him by telephone to book the hunting trip, and Mr. Becnel authorized him *via* emails to charge the 50% deposit and the remaining balance to his credit card. While Mr. Becnel

alleged that Mr. Finley worked in Part Eads, Louisiana, he did not allege that the hunting trip at issue originated from Mr. Finley's solicitation of customers in Louisiana. Thus, from the facts alleged, the petition fails to establish Relators' minimum contact with St. John the Baptist Parish through Mr. Finley.

After review, we find that Mr. Becnel's petitions, considered on their faces, fail to establish sufficient "minimum contacts" of Relators to the subject forum (St. John the Baptist Parish). We find that the trial court erroneously found the petition sufficiently pleaded that Relators "'purposefully directed [their] activities' as owners and officers of hunting lodges at Plaintiff and that this litigation, which involves an alleged breach of contract, arises out of transactions solicited from Plaintiff by these Defendants, in their capacities as owners and officers of Cheyenne Ridge Outfitters and Lodge, Inc." The facts pleaded in Mr. Becnel's petition do not show that Relators purposefully availed themselves of the privilege of conducting activities within Louisiana, such that it can be said that they should have reasonably anticipated being haled into court here.

Accordingly, we grant the writ application and sustain Relators' declinatory exception of lack of personal jurisdiction. We remand the matter to the trial court to allow Mr. Becnel the opportunity to amend his petition to remove the grounds of the objection, if he can. *See*, La. C.C.P. art. 932.[2]

Gretna, Louisiana, this 12th day of March, 2024.

**MEJ**
**SJW**
**JJM**

---

[2] La. C.C.P. art. 932(A) states, in pertinent part, "When the grounds of the objections pleaded in the declinatory exception may be removed by amendment of the petition or other action of plaintiff, the judgment sustaining the exception shall order the plaintiff to remove them within the delay allowed by the court…."

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **03/12/2024** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
**CLERK OF COURT**

**23-C-583**

### E-NOTIFIED

40th District Court (Clerk)
Honorable Nghana Lewis (DISTRICT JUDGE)
Kari M. Rosamond (Relator)
Paul D. Hale (Relator)

### MAILED

Joseph A. Devall, Jr. (Relator)
Attorney at Law
400 Poydras Street
Suite 2107
New Orleans, LA 70130

Kathryn W. Becnel (Respondent)
Attorney at Law
425 West Airline Highway
Suite B
LaPlace, LA 70068

3/12/24

- ■ Complete items 1, 2, and 3.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Kathryn W. Becnel
Attorney at Law
425 West Airline Hwy - Suite B
LaPlace, LA 70068
23-C-583          03-12-24

9590 9402 2434 6249 3565 38

2. Article Number (Transfer from service label)

7016 2070 0000 0954 8667

PS Form 3811, July 2015 PSN 7530-02-000-9053

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X _Chadra L Gauthier_   ☑ Agent
                         ☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery
_Chadra Gauthier_   3-15

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:          ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

3/12/24

SENDER: *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Joseph A. Devall, Jr.
Attorney at Law
400 Poydras Street - Suite 2107
New Orleans, LA 70130
23-C-583
                              03-12-24

9590 9402 2434 6249 3565 21

2. Article Number *(Transfer from service label)*

7016 2070 0000 0954 8650

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature
X _____  ☐ Agent
                            ☐ Addressee

B. Received by *(Printed Name)*      C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt